BOWEN & BOWEN, Defendants in Error, *vs.* BOWER'S EXECUTORS, Plaintiffs in Error.

1. A trustee cannot recover the trust property from a grantee of his *cestui que trust* while the estate of the latter continues.

*Error to Marion Circuit Court.*

*Pratt & Redd,* for plaintiff in error.
*Anderson & Richmond,* for defendants in error.

GAMBLE, Judge, delivered the opinion of the court.

The plaintiffs claim as trustees, under the will of Mary H. Bowen, of Tennessee. By that will, certain slaves and their increase were bequeathed to the plaintiffs, in trust for her

daughter, Celia W. Stone, "during her natural life, and then to the heirs of her body forever." The negroes, at the time of the death of the testatrix, were in Tennessee, and were subsequently brought to Missouri. The defendants offered to prove that Mrs. Stone gave the slave now sued for to her son-in-law, Bower, whose executors are the defendants, but the court refused to admit the testimony. Mrs. Stone, at the commencement of this suit, was in full life, and swore to the petition of the plaintiffs.

1. Although the record furnishes no evidence of the law of Tennessee in relation to the bequest in the will of Mrs. Bowen, we see that whatever estate passed by it in the trust, for the benefit of Mrs. Stone, could not be less than an estate for her life, and from the offer of the defendants to prove that Mrs. Stone parted with her interest in the slave in controversy to her son-in-law, Bower, we are to assume such to be the fact. We have then, the case of trustees suing for a slave or his value, when the *cestui que trust* for life has transferred her interest in the slave to another, and is still in full life herself; and this suit is brought in a court where the legal and equitable estates are not to be separately regarded. Unquestionably the plaintiffs would not be allowed to recover the slave from their own *cestui que trust*, nor can they recover from her grantee while yet her estate continues. The object of this action is, to put the value of the slave into the hands of the trustees, for the use of Mrs. Stone, contrary to the transfer of her right, alleged by the defendants to have been made to her son-in-law. This cannot be allowed.

The judgment is reversed, and the cause remanded, with the concurrence of the other judges.