# SMITH *v.* ANDREWS *et al.*

In pleading the judgment of a Probate Court, it being a Court of limited and inferior jurisdiction, it is necessary to set forth the facts which give jurisdiction.

APPEAL from the Superior Court of the City of San Francisco.

This was an action against A. T. McClure, Smyth Clark and William Andrews, on the official bond of McClure, as administrator of the estate of Henry C. Gillis.

The complaint alleges that the plaintiff had a claim for $831 against the estate of Gillis; that he presented his claim, and the same was allowed by the administrator and the Probate Judge; that subsequently "the said A. T. McClure filed a petition in the said Probate Court, praying that the said Court would authorize him to pay the claims duly presented against said estate; that said Court, on the 4th December, 1854, made an order or decree whereby said administrator was authorized to pay all the claims duly presented and approved, and amongst the said claim of the plaintiff herein;" that the plaintiff had demanded the payment thereof from said administrator, which had been by him refused; that said administrator had in his hands sufficient money to pay all the claims presented and allowed against said estate, and that the time for presenting claims against the estate had expired.

Smith *v*. Andrews.

The defendant, Andrews, demurred to the complaint, as not stating facts sufficient to constitute a cause of action, specifying, among other grounds of demurrer, that the judgment of the Probate Court was not set forth in the complaint, nor the facts stated which are necessary to give that Court jurisdiction.    The Court below overruled the demurrer. The defendants answered, and the cause being tried by the Court, a judgment was entered for plaintiff.    Defendants appealed.

*S. Platt* for Appellants.

As to the point that the complaint is defective in not setting forth the facts requisite to give the Probate Court jurisdiction, see Comp. Laws, 395, § 131.

The decree of the Probate Court, the main ground of action, is not set out in the complaint.    See 1 Chitty's Pl., 404, 521.

It is a clear and salutary principle that inferior jurisdictions, not proceeding according to course of the common law, are confined strictly to the authority given them by the statute; they can take nothing by implication, but must show their power expressly given them in every instance.    1 Caines, 594—notes.

The decree or judgment is void, and there was no obligation on the administrator to observe it, and hence his disobedience no breach of the bond so as to charge the surety.    The decree is void, because there is no power conferred on the Court to make such, and the Court can take nothing by implication.    Comp. Laws, page 415, §§ 259, 60.

The decree being void, there was no breach of the bond, by reason of the non-compliance of the administrator.    A refusal by an administrator to comply with a decree of the Probate Court, in itself void, is not a breach of the bond.    Hancock *v*. Hubbard, 19 Pick., 167, 173.

*Wm. H. Rhodes* for Respondent.

The appellant contends that in a complaint, the whole evidence must must be set out in *haec verba*, or it is demurrable.    The complaint in this case sets out the facts that the claim was presented to the administrator and the Judge according to law, and allowed.    It was not deemed necessary to file copies of all the proceedings; if they ran irregular, they could be objected to on the trial, and ruled out like all other evidence; so with respect to the fourth ground of demurrer.    The appellant states that the main ground of action is the Judge's order, and that it ought to have been incorporated *verbatim et literatim* in the complaint.

Now, it is not true that the Judge's order is the "main ground of complaint."    It is no ground of complaint at all.    The ground of complaint is the malfeasance and embezzlement by the administrator of the funds of the deceased.    The order of the Judge was a mere direction as to whom he should pay over the assets.

The allegation in the complaint is fully sufficient to identify the order of the Court.

The rule of law respecting pleading is that facts, and not testimony,

must be spread on the record.    See Gould and Chitty's Pleadings, passim; also decisions of this Court.

The decree of the Probate Court, being a Court of competent jurisdiction, over the subject matter and the persons, would be final, unless set aside on appeal.    This Court, in the case of Warner *v.* Wilson, 4 Cal., 313, has fully adjudicated this point.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

The demurrer to the plaintiff's declaration was well taken.    Probate Courts are of inferior and limited jurisdiction, and in pleading their judgments, it is necessary to set out the facts which give jurisdiction.

In England, Courts are divided into such as are of record, and those that are not.    Courts of record are supreme, superior or inferior.    Inferior Courts may be defined to be those whose jurisdiction is limited and special, and whose proceedings are not according to the course of the common law.    Inferior Courts are bound, in their original creation, to causes arising within such limited jurisdiction; hence it is necessary for them to set forth their authority, for nothing shall be intended within the jurisdiction but what is expressly alleged to be so."    Bac. Abridgment, title Courts, p. 630.

In the case of Wilson *v.* Dunbar, 4 Cal. 313, so much of the opinion as related to the introduction of the record of the Probate Court was *obiter*, as the acts of Edward E. Dunbar were afterwards ratified by Frederick Dunbar.    The mistake probably arose from the fact, that the respondents did not resist the reversal, and the Court was thus led into a hasty and erroneous expression of opinion.    We, however, avail ourselves of this early opportunity to correct the error.

Judgment reversed, and cause remanded.