Townsend *v.* Gordon.

---

JOHN HENRY TOWNSEND, an Infant, by Samuel J. Hensley, Guardian *ad litem v.* GEORGE GORDON *et als.*

Courts of Probate in this State, in the construction of their proceedings had before the passage of the Act of 1858, are to be regarded as Courts of limited and inferior jurisdiction.

A petition by an executor or administrator for the sale of the real property of an estate must set forth and describe the property, or the sale will be void. This is a jurisdictional fact.

Perhaps the omission in such petition of a portion of the real estate would not affect the proceedings ordering a sale of another portion described.

Such petition must conform substantially with section one hundred and fifty-five of the Probate Act, which requires it to set forth, among other things, "a description of all the real estate of which the testator or intestate died seized, and the condition and value of the respective portions and lots."

Townsend *v.* Gordon.

The general reasoning of the principal opinion in *Gregory* v. *McPherson* (13 Cal. 562) as to what are the jurisdictional facts in a petition for the sale of the real property of an estate, affirmed.

The fact that a petition for the sale of the real property of one estate embraces matters relating to another estate—as where letters testamentary are asked upon the estate of the wife and letters of administration upon the estate of the husband—although irregular, does not affect the jurisdiction of the Probate Court, if the petition contain the averments requisite to justify whatever action the Court takes.    The redundant matter may be rejected.

Where a petition for letters of administration is addressed " To the Hon. the Judge of the Probate Court of the county of Santa Clara," and goes on: "the petition of M. S. of Monterey, etc., shows that Dr. John T., late a resident of the county aforesaid, died in said county," etc.: *Held*, that the word "aforesaid" refers to the county named, to wit, " Santa Clara," and not "Monterey," and hence, that the petition sufficiently shows that Dr. T. was a resident of Santa Clara county at the time of his death.

APPEAL from the Twelfth District.

The facts sufficiently appear in the opinion of the Court.    Plaintiff had judgment below ; defendants appeal.

*John H. Saunders* and *William H. Patterson*, for Appellants.

I.    Jurisdiction of the estate of Townsend was acquired by the Probate Court of Santa Clara county, by the death of T. in the county, and the presentation of the petition for letters of administration.

II.    The return of the inventory informed the Court, judicially, of the fact that lot No. 106 was the property of the estate.

III.    The proceeding to sell real estate by the Probate Courts of California is a proceeding *in rem*.    (2 How. 310; 2 Pet. 157 ; 3 Ohio, 494; 4 Tex. ; 8 English, 507 ; 2 Mich. 226 ; *Ludlow* v. *Wade*, 4 Ham. 504; 6 Port. 219 ; 11 Vt. 643 ; 11 Serg. & R. 6 ; 11 Mass. 229 ; 4 Phil. Ev. 62, note 42 ; *Haynes* v. *Weeks*, 10 Cal. 120.)

IV.    The petition for the sale of real estate in this case set forth all the facts required by the statute and necessary to give the Court jurisdiction.    It stated the amount of personal property undisposed of at five hundred dollars, and referred to the inventory for a description thereof, as in *Stuart* v. *Allen* (16 Cal. 476).    It showed

the amount of assets or personal estate that came to the adminis-
trator's hands.   *   *   *   It enumerated debts outstanding and
unpaid.   *   *   *   It attempts to set out the real estate, but fails
to enumerate or specify lot No. 106.   It shows the sole heir to be
plaintiff, three years of age.

It complies with section one hundred and fifty-five, (Statute of
1851, 467) except that it does not contain a description of all the
estate of which the intestate died seized.   And this omission plaint-
iff does not claim was willful or fraudulent.   Judged by the prin-
ciples laid down in *Stuart* v. *Allen*, (16 Cal. 501) it must be
upheld.   Besides, by the inventory on file, the Court judicially
knew that lot No. 106 was part of the estate.   No sale could have
been made without the order of the Court.   (Stat. of 1851, 467,
sec. 148.)   The Court being presumed to know the law, was aware
that the fact having existed at the time of filing the inventory, it
continued to exist.

*Hepburn & Dwinelle*, also for Appellants.

I.   As to the point that the petition does not state the evidence
of Townsend, at the time of his death, to have been in Santa Clara
county, we say: 1st, that " Monterey " as used designates the city
or town where Schallenberger resided, and the only county men-
tioned is Santa Clara ; 2d, even if " Monterey " be held to mean
" Monterey county," and the words " county aforesaid " to refer
strictly to that county, still the context shows that these words
must, in this instance, in order to carry out the intention of the
party, be understood in some " other special and peculiar sense,"
which sense here is " county of Santa Clara aforesaid," because
Schallenberger of Monterey was trying to get administration in the
right county.   (1 Phil. Ev. 275.)

II.   It is contended that the probate proceedings are de-
fective, because the petition of the administrator, for the sale of
the real estate of decedent, does not set out the description of
" all the real estate whereof the intestate died seized."   (Pro-
bate Act, Laws of 1851, ch. 124, p. 467, sec. 155.)   We
reply :

1. In cases where the proceedings of Courts of inferior jurisdic-

Townsend *v.* Gordon.

tion are concerned, jurisdiction will not be presumed. (*Mills* v. *Martin*, 19 Johns, 33 ; *Peacock* v. *Bell*, 1 Saunders, 73, 74, *passim ; Yates* v. *Lansing*, 9 Johns, 437 ; *Bridge* v. *Ford*, 4 Mass. 641 ; *Hall* v. *Howd*, 10 Conn. 514 ; *Rex* v. *Oakley*, 4 Barn. & Adolph. 307.) But even in Courts of inferior jurisdiction, after jurisdiction is shown to have once attached, it will be presumed that all subsequent proceedings were conducted rightly, *omnia recté acta præsumuntur esse.* (*Schuylkill Falls Road*, 2 Binn. 250 ; *Voorhees* v. *Bank of the U. S.*, 10 Pet. 449 ; *Van Steenberg* v. *Bigelow*, 3 Wend 42.) Or even if there be irregularities committed after jurisdiction has once attached, the proceedings shall not be avoided, nor attacked collaterally. (*McCormick* v. *Sullivant*, 10 Wheat. 192 ; S. C., 6 Cond. 71 ; *Gwinne* v. *Pool*, 2 Lutw. 1561–2 ; *Cunningham* v. *Bucklin*, 8 Cow. 178 ; *Allen* v. *Huntington*, 2 Aik. 249 ; *Jackson* v. *Robinson*, 4 Wend. 436, *passim ; Stuart* v. *Allen*, 16 Cal. 504.) This rule, that, after showing jurisdiction, we may rely upon "*talitur processum fuit*," is thus shown to be a canon both of pleading and of evidence. (1 Saunders, 92, note.)

2. But in Courts of general jurisdiction, every intendment is made, not only in favor of the regularity of the proceedings, but also in favor of the Court having regularly taken jurisdiction originally of the particular matter or cause. (*Peacock* v. *Bell*, 1 Saunders, 73, 74 ; *Mills* v. *Martin*, 19 Johns, 33 ; *Thomas* v. *Robinson*, 3 Wend. 267.) The proceedings of Courts of Probate, within the jurisdiction conferred on them by the laws, are to be construed in the same manner, and with the like legal intendments, as the proceedings of Courts of general jurisdiction. Every presumption, therefore, is in favor of the original jurisdiction of the Court of Probate of Santa Clara county, and of the regularity of the subsequent proceedings in the case. The Probate Court in this State is a constitutional Court of general jurisdiction. The decisions in New York and Massachusetts holding such Courts there to be of inferior and limited jurisdiction, go upon the ground that they are entirely the creatures of statute. (*Dahin* v. *Hudson*, 6 Cow. 225 ; 2 Mass. 124.) But here, this Court is a constitutional Court ; and that makes it a Court of general jurisdiction within its sphere, unless

the Constitution itself declares the Court to be an inferior one, as is the case in Texas. (Const. of Cal. art. VI, sec. 8 ; *Pond* v. *Pond*, 10 Cal. 500, near top of page ; *Ex parte Watkins*, 3 Pet. 205 ; *Kemp's Lessee* v. *Kennedy*, 5 Cranch, 173 ; *Williams* v. *Amroyd*, 7 Id. 423 ; *Williams' Ex'rs* v. *May's Ex'rs*, 6 Id. 267 ; *Kennedy* v. *Georgia State Bank*, 8 How. U. S. 586 ; *Doe* v. *Smith*, 1 Carter, 451 ; 1 Smith, Ind. 381 ; 6 Texas, 185 ; *Obert* v. *Hammel*, 3 Harrison, 73 ; *Wyatts* v. *Rambo*, 29 Ala. 510 ; *Irwin* v. *Scriber*, 18 Cal.) The decisions in this State in 6 Cal. 652 ; 7 Id. 240 ; 10 Id. 117 ; 13 Id. 562, do not decide but assume our Probate Court to be of inferior jurisdiction. The point was not discussed. In *Stuart* v. *Allen* (16 Cal. 473) the point was made that this Court was of general, although of limited jurisdiction, but was not decided. The Act of 1858, 95, shows that in the opinion of the Legislature the Probate Court ought to be considered of general jurisdiction over probate matters. At all events, the proceedings of this Court cannot, under the decision in *Irwin* v. *Scriber*, (18 Cal.) be collaterally attacked.

3. If it be said that this record of the Probate Court, even considering it a record of a Court of general jurisdiction, can be contradicted by evidence showing such want of jurisdiction in the commencement as absolutely to avoid the proceedings, we admit there is authority for the proposition. (5 Wend. 148 ; 4 Conn. 380 ; 7 Cal. 54.) But no such evidence has been adduced here. Defendant below introduced in evidence certain probate proceedings to show that the Probate Court had acquired jurisdiction over the estate, and had sold the real estate. The certificate of the Clerk of the Probate Court does not purport that the papers certified are copies of all the proceedings, or of all the papers filed in the Probate Court, but merely that they are copies of " original papers " and " original orders." All that was requisite for the defendant below to show was so much of the record as was necessary to evidence the sale ; that is to say, so much of the record as showed that the Court acquired jurisdiction over the real estate, and afterwards actually sold the land. ( *Thompson* v. *Chauveau*, 6 Martin, La. N. S. 458, 462 ; *Packard* v. *Hill*, 7 Cow. 434 ; S. C., 5 Wend. 385, 393.) If the certificate, as produced, be

Townsend *v.* Gordon.

*prima facie* sufficient to sustain the proceedings, and the other party wishes to rebut the *prima facies*, by showing that it could not be sustained by a perfect record, he should himself obtain a suppletory transcript of the same authority, and from the same source as the original, and containing the rebutting matters.

4. Besides, the proceedings as certified do, on their face, show regularity and sufficiency. The petition on its face does not mention lot No. 106 in San Francisco, but it refers to an inventory. Now this inventory is either one which will, if necessary, under the principles already discussed, be presumed to have been annexed to the petition, or it is the inventory already on file. In either case, an inventory was referred to for the purpose of furnishing a statement of the personal estate ; and that inventory being thus before the Court as a part of the petition, not only corrected all the misstatements of the petition, but also supplied every information which the face of the petition did not supply. That this was so, appears not merely as matter of law, but as matter of fact ; for the decree of sale orders the sale of one hundred vara lot No. 106, and this decree was agreed upon " after an examination of the condition and value of the several parcels of real estate referred to in said petition."

The sole purpose of having a perfect inventory of the personal and real estate is to ascertain : first, whether the personal estate is insufficient to pay the debts ; second, to decide which of the real estate can be sold with most advantage to the estate.* Now, both of these objects were accomplished in this case. It is not " essential that there should be in the petition itself, and without reference to any other paper or thing, a statement of these facts. The main fact required is the averment of the insufficiency of personal assets, and mere formal defects in the mode of statement would not affect the jurisdiction." (*Stuart* v. *Allen*, 16 Cal. 501.)

---

* In view of the fact, that the only object of requiring the petition to set forth *all* the real estate is to enable the Court to determine what part of it can be sold with the greatest advantage, it is submitted that this requirement of the statute is merely directory, and not jurisdictional ; for otherwise, an omission of any item, however small, would vitiate sales, not only of the property omitted, but also of the property set forth, for the reason that the property set forth would not comprise, any more than the property omitted, "a description of *all* the real estate of which the testator or intestate died seized."

Townsend *v.* Gordon.

5. Moreover, " it is immaterial, so far as this question of jurisdiction is concerned, whether the statements of the petition are true or not, the jurisdiction resting upon the averments of the petition, not upon proof of them." (*Stuart* v. *Allen*, 16 Cal. 501, foot of page.)    This seems to dispose of the point most decisively.

*Eugene Casserly* and *D. Lake*, for Respondent.

I.    The Probate Courts of this State are Courts of inferior, limited and statutory jurisdiction.    (*Smith* v. *Andrews*, 6 Cal. 652, 654 ; *Beckett* v. *Selover*, 7 Id. 215, 240 ; *Haynes* v. *Meeks*, 10 Id. 110, 116 ; *Clark* v. *Perry*, 5 Id. 60 ; *Head* v. *Sandford*, 5 Id. 268.)    This is the general law as to such Courts in other States. (*Dakin* v. *Hudson*, 6 Cow. 223 ; *Bloom* v. *Burdick*, 1 Hill, 139 ; *Corwin* v. *Merritt*, 3 Barb. 343 and cases cited, 344, 346 ; *People* v. *Barnes*, 12 Wend. 494 ; *People* v. *Corlies*, 1 Sandf. S. C. R. 247 ; *Smith* v. *Rice*, 11 Mass. 507, 510, 512, etc. ; *Planters' Bank* v. *Johnson*, 7 Sm. & M. 449, 454, and cases cited ; *Ventress* v. *Smith*, 10 Pet. 161 ; *Bright* v. *Boyd*, 1 Sumn. 478 ; *Brown* v. *Campbell*, 6 How. [Miss.] 230 ; *Currie* v. *Stewart*, 5 Cushman, [27 Miss.] 55.)

A party relying on a right derived under the proceedings of such a Court, is bound to show that it had jurisdiction to act.    The jurisdiction will not be presumed.    This is the universal rule, whether the question arises upon the pleadings or the proofs.    If his proof is the record of the Court, that must show jurisdiction affirmatively, both over the parties and subject matter, and hence all the acts necessary to give such jurisdiction.    Otherwise the proceedings are void *ab initio*, and the judgments and decrees are nullities, which are not merely bad on error, but may be assailed collaterally whenever they are brought in question.    (*Schneider* v. *McFarland*, 2 Comst. 459, 461, 464 ; *Corwin* v. *Merritt*, 3 Barb. S. C. R. 341, 343, 346 ; *Bloom* v. *Burdick*, 1 Hill, 134, 139, 143 ; *People* v. *Barnes*, 12 Wend. 494 ; *People* v. *Corlies*, 1 Sandf. S. C. R. 247 ; *Smith* v. *Rice*, 11 Mass. 507, 510, 512 ; *Planters' Bank* v. *Johnson*, 7 S. & M. 449, 454 ; *Wiley* v. *White*, 2 Stew. & Porter, 355 ; *Ventress* v. *Smith*, 10 Pet. 161, and the other cases last above cited.)

This rule respecting Probate Courts is merely the application to a particular class of cases of the general principle, that he who relies on a right derived under any Court or officer of limited power, is held strictly to show jurisdiction in it or him affirmatively, and this whenever and however the question arises, directly or collaterally. (*Thatcher* v. *Powell*, 6 Wheat. 119, 127; *Burckle* v. *Eckart*, 3 Denio, 279, 281–282, question on Vice Chancellor's decree offered in evidence; *Broadhead* v. *McConnell*, 3 Barb. S. C. R. 175, 182, 183–6, 186, 189, discussing all the cases.)

The main proof of appellants on the trial consisted exclusively of the record of the proceedings in the Probate Court of the county of Santa Clara from the commencement of the administration.  Their counsel, assuming the Probate Court to be a Court of general jurisdiction, argues, as the Clerk's certificate does not show expressly that the transcript is a copy of the entire record, that the *onus* was on the respondent (plaintiff below) to produce the perfect record, because *non constat* that it would not show jurisdiction. The fault of this argument is in the premises, which are unfounded. The Probate Court is not a Court of general, but of special jurisdiction.  Hence the *onus* was on the other side, the rule being, that though in all cases the power to act must have existed, yet for a general jurisdiction you must presume it, but for a special jurisdiction you must show it.

II.    Schallenberger's petition for letters of administration does not show that John Townsend was at the time of his death a resident of the county of Santa Clara.   The allegation is " that Dr. John Townsend, late a resident of the county aforesaid, died in said county," etc.  This must be held to refer to the county of "Monterey," mentioned immediately before in the first clause of the petition, and not to the county of Santa Clara, which is no where mentioned, except by way of recital, in the address to the "Honorable the Judge of the Probate Court in and for the county of Santa Clara," etc., which is properly no part of the petition. (Probate Act, secs. 2, 58, Laws of 1850, 377, 381; *Beckett* v. *Selover*, 7 Cal. 233; *Holyoke* v. *Haskins*, 5 Pick. 20; *Harvard* v. *Gore*, Id. 369; 1 Williams' Executors, 492; and see *Kohler* v. *Knapp*, 1 Bradf. 243.)

III.  The petition unites improperly several distinct and independent matters.  It prays for letters of administration on the estate of John Townsend ; also for probate of the will of Elizabeth L. Townsend, and for letters of administration on the rest of her estate not disposed of by her will ; and lastly, for the appointment as guardian of the infant John Henry Townsend.  He might as well have united in the same petition similar prayers with respect to the estate and person of any other three individuals, entire strangers to each other.

IV.  The petition for a sale of the real estate is fatally defective.

This application, though it is in the general course of administration of an estate, is a distinct, independent proceeding in the nature of a suit to enforce the lien of the claims (as well those of creditors as others) charged upon the estate, and is commenced by petition and citation (thus acquiring jurisdiction of the subject and the parties) according to the usual practice in Probate.  (Probate Act, secs. 155, 156, 157 ; *Schneider* v. *McFarland*, 2 Comst. 462, 463 ; *Beckett* v. *Selover*, 7 Cal. 228, 236, 238, 239.)

It is subject to all the rules applicable to such proceedings in limited jurisdictions, and the more rigidly that it is a proceeding to divest third parties as heirs, who are often minors, of their inheritance in the soil.  For more abundant security, the statute expressly provides that the petition in all cases " shall set forth the facts showing the sale to be necessary ;" (sec. 149) that the personal estate shall first be liable for the debts and other charges upon the estate ; (secs. 115, 150, 154) that the real estate shall be sold only in case of the insufficiency of the personalty (Id.) and in case of an application for a sale of the real estate it specifies minutely what the petition shall contain.  (Sec. 155.)  And all these particulars must appear from the petition to the Probate Judge before he (not the Clerk) can issue his order to show cause which is the summons or citation in the proceeding, (sec. 156) and he must be satisfied of their truth after " a full hearing and examination of the proofs and allegations of the parties " before he can make the order of sale.  (Sec. 162.)

The suggestion that section one hundred and fifty-four—which provides that the real estate may be sold to pay the debts, etc.,

whenever the personalty is insufficient—gives the jurisdiction, is inadmissible, even though favored by a *quere* in *Stuart* v. *Allen* (16 Cal. 503). That section gives to the administrator the right to obtain the order under a given state of facts, which is a very different thing from the jurisdiction of the Court to grant it. It must be read with the following sections, one hundred and fifty-four, one hundred and fifty-six, etc.

Before a Court of the most general jurisdiction can render a valid judgment, it must have jurisdiction both of the subject and of the parties in the mode prescribed by law. There is no warrant either in authority or reason for the idea that the provisions of law regulating the mode of acquiring this jurisdiction by the Court are " directions to the Court in the exercise of its jurisdiction, and not conditions to the exercise of its jurisdiction."

The jurisdiction of every Court may be inquired into in every other Court before which its proceedings are brought; and any judgment is void when the record discloses a want of jurisdiction. (*Elliott* v. *Piersol*, 1 Pet. 340–1; *Wilcox* v. *Jackson*, 13 Pet. 511; *Hickey* v. *Stewart*, 3 How. 750, 756, 758, 761, 763, a strong case, quoting and approving *Elliott* v. *Piersol* and *Wilcox* v. *Jackson;* *Bloom* v. *Burdick*, 1 Hill, 139, 141; *Downs* v. *Fuller*, 2 Met. 135, 137–9.)

Upon the general rules applicable to these proceedings in probate for the sale of land, even when brought in question collaterally, and the strictness with which they should be viewed, the authorities are overwhelming in support of the principles above stated.  (*Sibley* v. *Waffle*, 2 Smith, [16 N. Y.] 180, 183–5, 185–7, 187–190; *Schneider* v. *McFarland*, 2 Comst. 459, 461, 466; *Ventress* v. *Smith*, 10 Pet. 161, 174–5; *Mathewson* v. *Sprague*, 1 Curtis, C. C. 456, 461–3; *Bright* v. *Boyd*, 1 Story, 478, 486; *Bloom* v. *Burdick*, 1 Hill, 130, 139, 153; *Corwin* v. *Merritt*, 3 Barb. 341, 342, 346, and cases cited; *Van Nostrand* v. *Wright*, Lalor, 260, 262; *Small* v. *Cromwell*, Id. 154, 155; *Messenger* v. *Kintner*, 4 Binn. 97, 103, 104, 106–7–8; *Campbell* v. *Knights*, 26 Me. 224, 227; *Smith* v. *Rice*, 11 Mass. 507, 510, 511, 512, 514, and cases cited; *Proctor* v. *Newhall*, 17 Id. 81, 90, 92, quoting and approving *Smith* v. *Rice;* *Adams* v. *Jeffries*, 12 Ohio, 253, [as to probate

sales in that State since 1824] 271–4, and cases cited ; *Parker* v. *Nichols,* 7 Pick. 111, 115–16 ; *Doe* v. *Anderson,* 5 Ind. 33, 35, 37 ; *Doe* v. *Bowen,* 8 Id. 197–9 ; *Platt* v. *Dawes,* 10 Id. 60, 62 ; *Reynolds* v. *Wilson,* 15 Ill. 394–6 ; *Emos* v. *James,* 4 Mumf. 194, quoted 10 Pet. 174 ; *Planters' Bank* v. *Johnson,* 7 Sm. & M. 449, 454, and cases cited ; *Brown* v. *Campbell,* 6 How. 230, 234, 245 ; *Crisman* v. *Beasley,* 1 Sm. & M. ch. 561–2 ; *Wiley, adm'r.* .v. *White,* 2 Stew. & P. 355 ; *Wyatt's adm'r* v. *Rambo,* 29 Ala. 510, 519–21, 523–4, and cases cited ; *Whitmore* v. *Johnson,* 10 Humph. 610 ; *Wattles* v. *Hyde,* 9 Conn. 9, 18–14 ; *Griffin* v. *Pratt,* 3 Id. 513 ; *Watson* v. *Watson,* 10 Id. 87 ; *Beckett* v. *Selover,* 7 Cal. 215, 233–4 ; *Stuart* v. *Allen,* 16 Id. 504.)

To give jurisdiction of the subject matter, a proper petition must be presented.    That petition must allege : 1st, the amount of personal estate that has come to the administrator's hands ; and how much remains undisposed of (sec. 156) ; 2d, the debts outstanding against the deceased (secs. 156, 157) ; the allowance to the family and expenses of administration (secs. 155, 157) ; 3d, the description of all the real estate of which the deceased died seized, and the condition and value of the respective portions and lots (sec. 156).    The first two of these allegations are jurisdictional in every case ; for unless there are debts, and charges and expenses of administration, and also a deficiency of personal property to pay them, there is no power in the Court to order a sale.    The third is also, or may become so, with respect to parties who do not, by appearing, waive the defect, and against whom the order goes by default.

The reference to " the inventory " in this petition is not a " setting forth of the personal property " within the statute.    It is not so referred to as to be made a part of the petition as was the case in *Stuart* v. *Allen* (16 Cal. 476).

. The opposite argument is that our probate proceeding for a sale of real estate is a proceeding *in rem.*    If by this, counsel mean to liken it to an action or proceeding for the enforcement of a lien or charge upon land, (as for the foreclosure of a mortgage) we shall not dispute it.

But if the argument is, that being a proceeding *in rem,* it is enough if the Court has jurisdiction of the *rem* or subject matter,

and that jurisdiction over the parties is unnecessary, it is untenable. Ordinarily, (sec. 156) it is the administrator who petitions for a sale, though in case of his neglect, any other interested party may. (Sec. 165.) If by the filing of his petition, the Court has jurisdiction of the *rem*, and jurisdiction of the parties be unnecessary, why the provisions in sections one hundred and fifty-seven, one hundred and fifty-eight, one hundred and fifty-nine and one hundred and sixty, for the citation, service and appearance of all parties in interest, heirs, legatees, distributees and creditors, whether adults or minors, and for a full hearing of parties, trial and examination of witnesses? (Secs. 159, 161, 163.) See what is said on this point in *Matthewson* v. *Sprague* (2 Curtis C. C. 462).

The cases cited by counsel to sustain their view are not in point under our statute, however they may be under the statutes of other States construed in those cases. (*Schneider* v. *McFarland*, 2 Comst. 460–3; *Beckett* v. *Selover*, 7 Cal. 234, 236.)

It may be remarked that the Judge (Baldwin) who delivered the opinion of the Court in *Grignon's Lessee* v. *Astor*, (2 How. 319) was from Pennsylvania, and may unconsciously have had his views more or less modified by the local probate laws of that State, which, as observed by the New York Court of Appeals in *Schneider* v. *McFarland*, (2 Comst. 461) contemplate the administrator as the sole party representing the estate. There may be other States which, like Pennsylvania to some extent, Texas to a greater extent, and Louisiana fully, have adopted, or formerly adopted, into their probate systems the principle of the civil law by which the estate or succession takes the place of the decedent, and is represented, together with the parties entitled, by the administrator, so that the heirs, as such, are not parties to proceedings for the sale of real estate. (2 Domat, 30, secs. 2463, 2470–3, etc.; Old Code La. art. 74, p. 163; *Poultney* v. *Cecil*, 8 La. 337, 411–13.)

No such theory has found its way into our probate system, which throughout proceeds upon the common law principle that all necessary parties must be brought before the Court and jurisdiction of them obtained by service of process, actual or constructive, or by appearance. (Probate Act, secs. 13, 14, 15, 17, 18 as to probate of wills; 60, 61, 62, 67, 68, 69 as to intestate administrations;

149, 150, 152, 153, 155, 156, 157, 158, 159, 160, 162, 164, 170 as to proceedings for the sale of the personal and real property, etc.)

In its provisions as to service, actual or constructive, of the preliminary order or citation in proceedings for the sale of real estate, our statute does not differ substantially from that of New York. (Compare 2 R. S. [N. Y.] 285, secs. 1, 3 ; 286, secs. 8, 9, 11 ; 285, sec. 4 ; 286, sec. 12 ; 288, sec. 23 ; 287, sec. 17 ; 288, sec. 24 ; with our Probate Act, secs. 154, 155, 156, 157, 158, 159, 160, 161, 163 ; Comp. Laws, 399, 400.) In that State it is settled that the proceeding to sell real estate is not a proceeding *in rem*, so as to dispense with jurisdiction of the parties. (*Sibley* v. *Waffle*, 2 Smith, 185 ; *Schneider* v. *McFarland*, 2 Comst. 465 ; *Corwin* v. *Merritt*, 3 Barb. 345 ; and the other New York cases above.)

A list of the real estate is given, from which however, one hundred vara lot No. 106, including the premises in question, is omitted. This omission is fatal to the validity of the order of sale so far as that lot is concerned, though as to the other lots set forth in the petition, it may be well enough. What we contend for is, not that the failure to set forth all the property is fatal to the sale of any of it, but that it is fatal to the sale of that which is omitted. This defect is not cured, as appellants' counsel argue, by the reference in the petition to " the inventory," for that reference has respect only to the personalty.

The object of requiring the petition to set forth " a description of all the real estate of which the intestate died seized," (sec. 155) is two-fold : 1st, to enable the Court to act intelligently for the interests concerned in ordering the sale, whether of the whole or a part of the realty (secs. 161, 162) ; and 2d, to apprise parties interested of the parcels of land which the administrator proposes to have sold. This second object is the more important that, in these probate proceedings for the sale of real estate, the order is generally by default on a constructive service, frequently of minors. *Non constat* they would have acquiesced in the sale of the particular parcel omitted, and they might have offered such reasons against its sale as to induce the Probate Judge to except it from the order.

To make this point perfectly plain, section one hundred and sixty-two allows the Probate Judge to make an order of sale " of the whole, or so much and such parts of the real estate described in the petition." This is a clear limitation of power, which no words of exclusion could have made any stronger. *Expressio unius, exclusio alterius*, applies with peculiar force to proceedings prescribed by statute. (1 Kent's Com. 467, and note *d.*)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Ejectment for a lot in San Francisco. This case involves several important questions, affecting the validity and effect of sales of an infant, through proceedings of the Probate Court. The case has been fully and ably argued by the respective counsel. John Townsend, the father of the infant plaintiff, died in Santa Clara county on the eighth of December, 1850, possessed of considerable real and personal estate. Two days afterwards, Elizabeth, widow of John, died, possessed of a large estate, and leaving a will, in which she disposed of a portion of her estate, and nominated one Moses Schallenberger her sole executor, and also guardian at law of her infant son, the plaintiff here, the only child of John and Elizabeth —then being two or three years of age. Schallenberger, on the seventeenth of December, 1850, filed his petition, addressed as follows : " To the Honorable the Judge of the Probate Court of the county of Santa Clara, State of California. The petition of Moses Schallenberger, of Monterey, etc. That Dr. John Townsend, late a resident of the county aforesaid, died in said county," etc. The petition recites the facts as stated before, and prays that the will of Mrs. Townsend may be admitted to probate, and letters testamentary thereon be issued to the petitioner ; that he be appointed guardian in law and in fact of said infant, and that letters of administration be issued to him on all the estate of Mrs. Townsend left undisposed of by her will, which, as your petitioner is informed and believes, is of large amount; and also that letters of administration be issued to him on the estate of John Townsend. The County Judge, in vacation, on the same day—seventeenth of December, 1850—made an order that petitioner be appointed guardian at law.

14

and in fact of said infant; also that he be appointed Curator of the estate of said John Townsend, and of the estate of said Elizabeth; and also that public notice be given according to law, of his application for letters testamentary and of administration as above specified.   On the eighteenth of December, 1850, the Clerk of the Probate Court gave notice that at the next general term of the Court, to be held, etc., on the first Monday of January next after, the application of the petitioner would be heard for letters of administration upon the estate of John Townsend, etc.   On the eleventh of January, 1851, an entry appears in the books of the Court, reciting that Moses Schallenberger came, and it appearing to the satisfaction of the Court that public notice of his application having been given as required by law, and he having filed his affidavit and his bond, etc., whereupon the Court ordered letters of administration to issue to said Schallenberger on said estate, and appraisers were appointed.   Bond was given and approved; and inventory and appraisement filed February 18th, 1851.   On the twenty-fifth of August, 1851, an order appears appointing certain persons guardian for the absent and minor heirs of the estate.   On the twenty-fifth of November, 1857, Schallenberger, administrator, etc., filed his petition as follows: " Estate of John Townsend, deceased. Probate Court, county of Santa Clara.   The petition of Moses Schallenberger, administrator, shows to this Court that the above estate is largely indebted for various claims outstanding against the deceased, charges and incumbrances upon real estate, and that the personal property is insufficient to pay the same.   That the personal property consists of rents arising from a portion of the real estate in San Francisco, which have become greatly reduced in consequence of the destruction of the buildings by the fire of May last, and the furniture and other goods and chattels mentioned in the inventory.   That the amount of said rents which has been collected is about $12,000, which has been applied to the payment of various municipal charges, necessary expenses for the preservation of the property, the support and maintenance of the infant heir, funeral and administration expenses, leaving still undisposed of the goods and chattels above mentioned, amounting in value to about five hundred dollars.   *    *    And your petitioner further shows

that the only heir to said estate is John Henry Townsend, infant son of deceased and Elizabeth L. Townsend, also deceased, who is about three years of age.

" In conclusion, petitioner prays that an order be granted directing all persons interested in said estate to appear before the Probate Judge, at the next term of this Court, to be held on the fourth Monday of December next, at the Court House in the city of San José, to show cause why an order should not be granted to your petitioner as administrator, to sell so much of the real estate of the deceased as shall be necessary to pay such debts." In this petition the property sued for was omitted; other real estate inserted.

On the twenty-sixth of November, 1851, the following order was made :—

" In the matter of the estate of John Townsend, deceased.

" Wednesday, November 26th, 1851.

" Now comes M. Schallenberger, administrator, by his attorney, and files his petition praying for the sale of a portion of the following described real estate, to wit: One half of lot nineteen, (19) homestead lot fifty, (50) unimproved lot fifty-three, (53) doubtful lots six, seven, eight, nine and ten, block fifty of Millner's and White's survey, south-west half of lot two, (2) block three, (3) range two (2) south, lot eight, (8) block three, (3) range three, (3) south, tract of land on Sacramento river, lease of lot corner of Washington and Kearny streets, San Francisco, one-third interest improved, a portion of South San Francisco, worthless lot in Monterey, to pay the debts of said estate. It is therefore ordered by the Court, that public notice be given in the San José *Weekly Visitor*, in pursuance of law, to all persons interested in said estate, to appear at the next term of this Court, to show cause, if any they can, why said order should not be made." Also the following order :

" Probate Court of Santa Clara county, State of California : In the matter of the estate of John Townsend, deceased. Whereas, Moses Schallenberger, administrator of said estate, has filed a petition in said Court, praying for an order of sale of all or so much of the real estate of said deceased as may be necessary to pay the debts thereof, and costs and charges of administration, etc. ; notice is hereby given that the hearing of said petition will be had at the

December term of said Court, to be held at the Court House in the city of San José, on the fourth Monday of December, A. D. 1851, when and where all persons interested in said estate may appear and show cause why the order prayed for in said petition should not be made.

" Witness : Hon. J. W. Redman, Probate —— of Santa Clara county, with my private seal (there being no seal yet provided) at office, this twenty-sixth day of November, A. D. 1851.

" By order of the Court.

[L. S.]                           " H. C. MELONE, County Clerk."

The following affidavits are appended to a copy of the last order :

" County of Santa Clara, ss.   A. Jones, printer of the San José *Visitor*, being duly sworn, says that the annexed notice in the estate of John Townsend, deceased, was published three weeks successively, commencing with November 26th, 1851, and discontinued because said newspaper stopped its issue.

" A. JONES, JR.

" Sworn before me, December 16th, 1851.

" D. P. BELKNAP, Notary Public.

" Filed December 23d, 1851.

" H. C. MELONE, Clerk."

" County of San Francisco, ss.   C. O. Gerberding, printer and agent of the *California Courier* newspaper, being duly sworn, says that the foregoing notice was duly published in said newspaper, in its regular daily edition, on the eighteenth day of December, 1851, in the city of San Francisco.

" C. O. GERBERDING.

" Sworn before me, December 20th, 1851.

" A. G. RANDALL, Notary Public.

".Filed December 23d, 1851.

" H. C. MELONE, Clerk."

On the twenty-third of December, 1851, the following order was made : " In the matter of the estate of John Townsend, deceased, Probate Court, Santa Clara county, December 23d, 1851.

" At a general term of the Probate Court in and for the county of Santa Clara, held at the Court House, in the city of San José. Present—J. W. Redman, Probate Judge.

" On reading the petition of Moses Schallenberger, administrator of the above estate, said petition having been heretofore filed in the office of the Clerk of this Court, on the twenty-sixth day of November, 1851, setting forth in substance that the above estate is largely indebted for various claims and incumbrances upon the real estate, and that the personal property is insufficient to pay said debts, together with the just and necessary expenses of said administration, and the support of the infant heir; and on reading and filing the statement and consent of the attorney for the infant and absent heirs of said estate heretofore appointed by this Court, and on giving proof of due publication of notice of this application as required by law, and on filing of said proof:

" It is hereby ordered, adjudged and decreed, that Moses Schallenberger, said administrator of said estate, have leave and authority to sell and convey, according to law, the following described real estate belonging to the said estate of John Townsend, deceased, and situate in the counties of Santa Clara, San Francisco, Sutter and Butte, in this State. In the county of Santa Clara, all the following real estate and property, to wit :" Here follows the property, including that sued for.

The consent and representation of the attorney of the infant and absent heirs appear in the record. The administrator, on the twenty-fourth of February, 1852, made his report of sales of real estate in San Francisco. In February, 1852, sales and report confirmed. The defendant claims title through the sale made under the proceedings set out; and the plaintiff contends that they vest no title, the ground being that the Probate Court had no jurisdiction to make the orders on which the administrator's sale is based.

It is too late to dispute the first general proposition of respondent's counsel, that the Courts of Probate, in the construction of their proceedings had before the passage of the Act of 1858, are to be regarded as Courts of limited and inferior jurisdiction. Such has been the construction given by this Court in many cases. (See *Smith* v. *Andrews*, 6 Cal. 652; 7 Id. 215; 10 Id. 110; 5 Id. 60;

and many other cases, have affirmed or recognized the same doctrine.)  The argument of the appellant is that this is not the true rule, for the reason that Courts of Probate are constitutional Courts of general exclusive jurisdiction in matters testamentary and of probate, and therefore as much Courts of general jurisdiction in respect to such matters as the District Courts in respect to matters of common law litigation; both Courts looking to the same constitutional grant for their powers, and both limited and restrained by that instrument.  The Supreme Court of Georgia (13 Ga. R.) in a very able opinion, takes this view, and one or more of the other States, having the same constitutional provisions in this respect, sanction it; but however forcible the argument, we think we are precluded by this long recognition of a principle having such intimate relation to titles to real estate from disturbing these cases.

The Act of 1858, changing the rule of construction of the proceedings of these Courts, has no application to proceedings taken before its passage.  So the act expressly provides in the first section.  (Statutes of 1858, 95.)

1. The first objection to the record of proceedings already set out is, that the petition does not show that John Townsend was, at the time of his death, a resident of Santa Clara county.  But this point is not sustained by the record.  The petition in the address or direction mentions the county of Santa Clara.  This is a part of the petition; the word "Monterey" occurs in connection with the name of Schallenberger—but this name, though that of a county, is also that of a town, and the "*aforesaid*," following "county," was designed to denote the county, and the only county mentioned before—which was Santa Clara.

2. That the petition embraces matters pertaining to another estate than that of John Townsend.  This, though irregular, does not affect the jurisdiction.  It is sufficient if the petition contains the requisite averments to justify the action of the Court had in pursuance of the prayer or of the matter set out.  If it goes beyond, and includes irrelevant and redundant matter, this furnishes a good objection for the rejection of this irrelevant matter, or probably constitutes a good exception for want of form or for defective pleading; but it does not affect the jurisdiction of the Court. (See *Stuart* v. *Allen*, 16 Cal.)

Townsend *v.* Gordon.

3. The more serious objection is, that this petition fails to specify the one hundred vara lot in question as a part of the real estate of the deceased.    The one hundred and fifty-fourth and one hundred and fifty-fifth sections of the Act concerning the estates of decedents, are as follows : " Section 154. When the personal estate in the hands of the executor or administrator shall be insufficient to pay the allowance to the family, and all debts and charges of the administration, the executor or administrator may sell the real estate for that purpose, upon the order of the County Judge."

" Section 155. To obtain such order, he shall present a petition to the Probate Court, setting forth the amount of personal estate that has come to his hands, and how much thereof, if any, remains undisposed of ; the debts outstanding against the deceased, so far as can be ascertained ; a description of all the real estate of which the testator or intestate died seized, and the condition and value of the respective portions and lots ; the names and ages of the devisees, if any, and of the heirs of the deceased ; which petition shall be verified by the oath of the party presenting the same."

It is said, that the petition in this case refers to the inventory, and that the inventory sets forth this lot as a part of the real estate of the deceased.    It is required by the one hundred and fifty-fifth section, that the petition shall set forth " all the real estate ; " but we held in *Stuart* v. *Allen* that if reference were made to the inventory in such way as " to make the inventory a part of the petition, the inventory and petition might be read together as one paper, and the defects or omissions of the petition could in this way be corrected by means of this reference."    But the difficulty here is in the fact that no reference is made to the inventory for any such purpose.    The only notice of the inventory is in this sentence : " That the personal property consists of rents arising from a portion of the real estate in San Francisco, which have become greatly reduced in consequence of the destruction of the buildings by the fire of May last, and the furniture and other goods mentioned in the inventory."    This may be considered, under the somewhat liberal view we took in *Stuart* v. *Allen,* as justifying the omission to include in the petition a more particular statement of the personal effects than that made in it ; but this statement does not make the

inventory a part of the petition for any other purpose. No one would have thought of looking into the inventory to ascertain the real estate which the deceased left, " *and the condition and value of the respective portions and lots.*" It may be that an omission of a portion of the real estate would not affect the proceedings ordering the sale of another portion described; but we are unable to see how the heir could be divested of his title by a sale of property, for which sale there was no petition. This petition is unquestionably the foundation of the jurisdiction. All the other proceedings rest on this. Not only is a petition made necessary to obtain this order, but the kind of petition is given. A petition substantially different from that required would not do. It is essential that this petition should show the facts required, since not only the judgment of the Court is invoked to determine whether there shall be any sale, but also, if any, what property it is best for the interests of the heir should be sold. The guardian appearing for the heir is not supposed to know that the petitioner will seek to sell other property than that in the petition. The infant is not able to protect himself, as ordinary litigants are. Unless it be held that this requirement is a jurisdictional fact, we must maintain that the whole of the other required averments of the petition, as given by the one hundred and fifty-fifth section, are directory—that indeed, no petition need be filed at all; for it is difficult to see the difference, as was suggested in *Gregory* v. *McPherson* (13 Cal. 562) by one of the Judges, between a petition lacking the substantial averments of the statute, and no petition at all. We would feel bound, then, to hold that the one hundred and fifty-fourth section conferred the jurisdiction, and the other sections following were merely directory provisions for carrying it out. This point was made by counsel for appellant in *Stuart* v. *Allen*, and noticed by the Court; we did not intimate any opinion on the subject, but distinctly left the point open for further discussion.

The authorities cited by the counsel for the respondent upon statutes not dissimilar maintain the proposition, that the facts required must appear in the petition, or else that the action of the Court is void. (*Bloom* v. *Burdick*, 1 Hill, 130 ; Bronson's opinion, 4 Hill, 86 ; 7 Id. 29.)

Townsend *v.* Gordon.

The general reasoning of the principal opinion in *Gregory* v. *McPherson* need not be here repeated. It is believed to be correct, and is supported by many authorities. It is true, that this opinion, not having been concurred in by the other Justices, is not itself authority ; and when the same point came up in *Stuart* v. *Allen,* the question was referred to as open—for it was not necessary in that case to pass upon it. Now it is distinctly presented, and has been fully argued. The authorities are collected in *Wyatts, Administrator,* v. *Rambo* (29 Ala. 510) ; and in *Corwin* v. *Merritt* (3 Barb. S. C. 341) ; and the principle is supported in most of the numerous cases which the industry of the learned counsel of the respondent has collected in his brief. In the case in Alabama, it is conceded that the Probate Court, under the system prevailing in that State, is a Court of general jurisdiction of testamentary matters, being a Court provided for by the Constitution ; but it is held that, as to the proceedings for sales of decedent estates, such Courts exercise a peculiar statutory authority, and therefore, as to such proceedings, are within the rule which prescribes a strict construction to their acts. This principle, if correct, would seem to be peculiarly applicable to sales of real estate by administrators ; such sales being not in the course of the jurisdiction of the English Courts of Ordinary, but in derogation of the rules of the common law. But it is not necessary to express any opinion as to the correctness of this distinction, inasmuch as we have already intimated our unwillingness to disturb the early decisions of this Court holding the rule that these Courts, under the legislation previous to 1858, are to be regarded as Courts of limited and special jurisdiction.

Nothing in this opinion conflicts with the case of *Irwin* v. *Scriber,* recently decided ; for that case came under the Act of 1858.

It is unnecessary to consider other points, for this is decisive.

Judgment affirmed.