## WRIGHT AND JONES v. EDWARDS.

COUNTY COURTS—JURISDICTION IN PROBATE MATTERS STATUTORY.—While the constitution provides that the county court shall have jurisdiction pertaining to probate courts, its authority to order the sale of real property of an intestate is derived entirely from the statute. The proceedings are required to be in writing and the power of the court is brought into action by means of a verified petition by the administrator.

ADMINISTRATORS—SALE OF REAL PROPERTY BY.—When the proceeds of the sale of personal property are exhausted, and claims still remain unpaid, a condition of things exists which authorizes a resort to the real property to discharge them. But the mere existence of such facts do not confer jurisdiction—they only present a case which authorizes the administrator to invoke the jurisdiction of the court.

IDEM—PETITION FOR SALE.—To confer actual jurisdiction, the jurisdictional power of the court must be brought into action by averments of necessary facts in the petition which exhibit the necessity for the sale.

IDEM.—Where a petition omits wholly to allege material facts essential to confer jurisdiction, the court is without authority to act, and its proceedings are a nullity, and confer no right or title.

IDEM—JURISDICTION MUST AFFIRMATIVELY APPEAR IN PETITION.—Where there is matter of substance upon which jurisdiction can hinge, mere errors or defects, although material in some respects, but which might have been avoided by appeal, cannot avail to condemn a judicial proceeding, when by lapse of time an appeal is barred, which has become the foundation of title to property. But the case is different when there is an entire want of facts, prerequisite to jurisdiction, disclosed upon the face of the petition—then the want of jurisdiction affirmatively appears upon the face of the petition, and the court being without authority to act, its proceedings are of no validity, and can be collaterally assailed.

IDEM.—No court, no matter how general its jurisdiction may be, which proceeds without jurisdiction in the particular case, can make a valid record, or confer any right or title.

APPEAL from Umatilla County.

*Bonham & Ramsey,* for respondents.

*Lucian Everts*, for appellant.

By the Court, LORD, J.:

This is an action of ejectment brought by the heirs at law of one Joseph Wright to recover certain real estate in Umatilla county, Oregon, of which Joseph Wright died seized. The appellant, Hollis Edwards, lessee of N. G. Blalock, claimed title for his lessor under an administration sale after the death of said Wright, to pay debts due from the estate. The facts were stipulated, and to be tried, without the intervention of a jury, by the court. As conclusions of fact, the court found the death of Joseph Wright, the appointment of W. C. White as administrator of the estate, his acceptance of the trust, the execution of the proper undertaking and the taking of the required oath of office, &c., that on or about the 5th day of October, 1874, the said administrator duly presented to the county court of Umatilla county, sitting in probate, a petition for leave to sell the real property belonging to the estate; that the petition for the order of sale did not state the amount of sales of personal property, the charges, expenses, or claims still unsatisfied, did not describe the real property to be sold, its condition or value, and the same was not verified by the administrator or any one on his behalf; that notwithstanding these defects of substance, the court entertained said petition and ordered a citation to be issued to the heirs of said Wright; that on the 5th of April, 1875, by the consideration of said court, it was ordered that the real estate belonging to the estate be sold; that N. G. Blalock became the purchaser. And as conclusions of law, that the county court did not have jurisdiction to order the sale of the real estate described in the complaint in this action; that the heirs at law, by the acceptance of service, did not waive their right to question the jurisdiction of the court; that

the administrator's deed conveyed no title to N. G. Blalock, the purchaser at the administrator's sale; that the plaintiffs are the owners in fee of said property, and entitled to the immediate possession of the same, and a judgment against the defendant for the immediate recovery thereof.

No bill of exceptions accompanies the record, nor is there any evidence in the record, except the facts stipulated, to show the basis of the findings of the court. What the record of the proceedings of the county court discloses in ordering the sale, which constitutes the ground of defense to this action, we can only know from the findings. The regularity of the appointment of the administrator was found by the court, and was not questioned at the argument. The point of dispute was upon the sufficiency of the petition to give the court jurisdiction to make the order of sale; the appellant claiming that the want of such facts in the petition as found by the court, although specified in the statute as matter to be alleged in the petition, was not fatal to the jurisdiction, and the respondent insisting that such facts were material, and that without them, or at least something equivalent in substance, the court was without authority to make the order of sale, and consequently, that all its proceedings thereunder were *coram non judice,* and no title vested in the purchaser. The findings show that the petition for the order to sell, upon which the court assumed to exercise jurisdictional power, did not state the amount of sales of personal property, the charges, expenses, or claims still unsatisfied, nor describe the real estate to be sold, nor its condition or probable value, and that the petition was not verified.

While the constitution provides that the county court shall have jurisdiction pertaining to probate courts, its authority to order the sale of real property of an intestate is

derived wholly from the statute. The proceedings are required to be in writing, and the powers of the court are brought into action by means of an affidavit or verified petition of the administrator. (Code, sec. 1046.) But the cases in which the power of the court may be exercised to order the sale of real property, are specially designated in the statute, and the implication is, it can be exercised in no other. When the proceeds of the sales of personal property have been exhausted, and the charges, expenses, and claims specified in section 1110 have not all been satisfied, the administrator shall sell the real property of the estate, or so much thereof as may be necessary for that purpose. (Code, sec. 1113.) But no sale of the real property of an intestate is valid without an order of the court, and the application for an order of sale shall be by petition of the administrator, and a citation to the heirs and others interested in such property. (Sec. 1109.) The petition for such order of sale of real property shall state the amount of sales of personal property, the charges, expenses, and claims still unsatisfied as far as the same can be ascertained, a description of the real property of the estate, the condition and probable value of the different portions or lots thereof, the amount and nature of any liens thereon, the names, ages and residences of the devisees, if any, and of the heirs of the deceased so far as known. (Sec. 1114.) Upon filing the petition, a citation shall issue to the devisees and heirs therein mentioned, to appear at a term of court therein mentioned, to show cause, if any exist, why an order of sale shall not be made as in the petition prayed for. (Sec. 1115.) If, upon the hearing, the court finds it necessary that the real property, or any portion thereof, should be sold, it shall make the order accordingly, and prescribe the terms thereof. (Sec. 1117.) The order thus made, after due notice to all parties inter-

ested, and after an examination of the proofs at the hearing, is an adjudication by the court that the sale of the property described is necessary. When such an order is made, after jurisdiction has attached, it cannot be questioned collaterally, whatever errors or irregularities may intervene thereafter. Such errors or irregularities can only be reached and corrected by some direct proceeding before the same court, or in an appellate court, otherwise the order of sale cannot be regarded as a nullity and cannot, therefore, be collaterally impeached. When, therefore, an order of sale is relied upon as a defense in a collateral proceeding, the authority of the court to make the order much exist; for if it act without jurisdiction, its order or decree is a nullity; it confers no right or title, and cannot be asserted as a defense to bar a recovery. "No court, no matter how general its jurisdiction may be, which proceeds without jurisdiction in the particular case, can make a valid record, or confer any right or title."

The statute points out with great particularity the conditions which must exist to invoke the jurisdiction of the court, and the facts necessary to be set forth by averment in the petition by the administrator to exhibit that condition of things to the court, and to bring the real property sought to be applied to the payment of debts, within the jurisdiction of the court, by describing it, thereby identifying it, as well as its condition and probable value. When the proceeds of the sale of the personal property are exhausted, and claims still remain unsatisfied, a condition of things exist which authorize a resort to the real estate to discharge them. But the mere existence of such facts do not confer jurisdiction—they only present a case which authorizes the administrator to invoke the jurisdiction of the court. To confer actual jurisdiction, the jurisdictional

power of the court must be brought into action by the averment of necessary facts in the petition which exhibit the necessity for the sale. "How did the court get jurisdiction?" asks Mr. Justice Sawyer. "Not merely by the actual existence of the jurisdictional facts, but by their averment in the petition." (*Holmes* v. *Or. & Cal. R. R. Co.*, 7 Saw., 387.) "Now," says Mr. Justice Deady, "upon filing the petition—*it being a sufficient one*—the county court was called upon to proceed to act, to make an order prescribing what and how notice should be given. In *Felch* v. *Miller*, 20 Cal., 381, the court say: 'In order to make the sale effectual to confer a valid title, the probate court must have acquired jurisdiction of the case by the presentation of a proper petition.'" (*Gager* v. *Henry*, 5 Sawyer, 244.)

In *Stuart* v. *Allen*, 16 Cal., 501, the court say: "It will be remarked that it is immaterial, so far as the question of jurisdiction is concerned, whether the statements of the petition are true or not, the jurisdiction resting upon the averment in the petition, and not upon the proof of them." In *Haynes* v. *Meek*, 20 Cal., 312, Mr. Justice Field says: "When an order of sale is relied upon, the question is, was the order made in the case provided by the statute? To determine this, we must, in the first instance, look to the petition for the sale which is the foundation of the order; assuming, of course, that the court acquired jurisdiction originally to grant administration upon the estate. The proceeding for the sale, though made in the general course of administration, is a distinct and independent proceeding, in the nature of an action, of which the petition is the commencement, and the order of sale is the judgment. We must then examine the petition, to ascertain whether a case is presented by its averments within the statute upon which the court can act." As the statute contemplates the ex-

haustion of the personal property before a resort can be had to the real estate to pay claims unsatisfied, the amount of sales of personal property and the charges, expenses and claims still unsatisfied, so far as the same can be ascertained, are material facts necessary to be exhibited by averments in the petition, to enable the court to determine whether the necessity exists to exercise its jurisdiction. So long as there is personal property which can be applied to the payment of debts, charges and expenses of administration, a sale of the real property cannot be made. It is the want of personal property for that purpose, shown by the facts alleged in the petition together with a description of the real property sought to be affected or sold, which empowers the court to act—to exercise its jurisdiction. Upon filing such a petition, citation issues, and jurisdiction attaches, but "the petition" named in the statute is undoubtedly such a petition only as contains the facts, or substantially their equivalent, it requires. These facts are the essence of the petition, without which it has no legal existence. The petition is the commencement of the proceeding, and the jurisdiction of the court rests upon the sufficiency of the facts. The cause becomes *coram judice* only when the petition presents such a state of facts as authorizes the court to deliberate and act.

Looking, then, at the petition in the light of the findings, and testing it by these principles, it is not merely defective, but deficient in the statement of any facts necessary to give jurisdiction. None of the facts required by the statute are substantially, or at all, incorporated in the petition by means of which jurisdiction is acquired. The amount of sales of personal property, the charges, expenses and claims still unpaid are not stated, nor any equivalent facts upon this subject, nor is any property described, nor its condi-

tion or probable value. The petition is barren of essential facts, and not even verified. It is said that proceedings of this character are in the nature of actions *in rem*, that in all courts which have power to sell the estate of intestates their action operates upon the estate, and not upon the heirs of the intestate. (*Grignon's Lessees* v. *Astor*, 2 How. 338.) Upon this, it is insisted that the land being the subject matter upon which the jurisdiction operates, the necessity for a description is not absolutely essential. It is certainly difficult to understand the application of this argument. But, conceding *in some sense* the proceeding is in the nature of an action *in rem*, how can the jurisdiction of the court operate upon the lands of the intestate when none are described—none identified upon which such jurisdiction can operate; or how can it operate to divest the title of heirs by a sale of their lands for which sale no lands are described and petitioned to be sold, and for which, consequently, there is no petition. (*Townshend* v. *Gordon*, 19 Cal., 208; *Haynes* v. *Meek*, 20 Cal., 314.) By describing the land—the other material facts appearing by sufficient allegation—it is identified and subjected to the jurisdiction of the court. It is true that vagueness, inaccuracy, or mistake in the description of lands will not vitiate the proceeding and render the sale a nullity when collaterally assailed, and rights of property have attached. The courts very properly hold, when jurisdiction has attached by the statement of proper facts, although defectively alleged, and by some inadvertence the lands are imperfectly described, the sale cannot be collaterally attacked and the rights of innocent purchasers imperiled. In such case there is matter of substance to challenge the jurisdiction of the court, and to cause it to deliberate and act. But that is not this case. Here, it is not the defective statement of material facts, or

a petition in some material respect defective, but a total want of statement of any essential facts necessary to give jurisdiction. The difference is, between a petition with facts and one without them—or, in other words, no petition at all. Nor do any of the authorities to which we have had access undertake to uphold sales against collateral assault when the petition affirmatively discloses an entire want of any statement of facts essential to give jurisdiction.

In *Overton* v. *Johnson*, 19 Mo., 400, it was held that the omission to file the accounts, lists and inventories as required by the statute, was not necessary to give the court jurisdiction when their substance was incorporated in the petition itself; for the court say: " In the body of the petition the general amounts of the different lists and inventories are stated." In *Bryan* v. *Bander*, 23 Kansas, 97, the petition fully set forth all the facts required by the statute, except that the description of the land was subject to the objection of vagueness, or indefiniteness, and the court say: " When a petition contains sufficient matters to challenge the attention of the court as to its merits, and such a case is thereby presented as authorizes the court to deliberate and act, although defective in allegation, the cause is properly before the court, and jurisdiction is not wanting. The allegation that the land was situated in Miami county was some description, and no property was ordered sold but what was in that county. Hence the order to sell really described the property in the petition, and in such a manner that it could be identified." (*Reed* v. *Howe*, 39 Iowa, 559; *Montgomery and wife* v. *Johnson*, 31 Ark., 80; *Iverson* v. *Loberg*, 26 Ill., 187.)

These authorities are cited to illustrate the extent to which the courts have gone "to avoid the evils and hardships, affecting titles injuriously, which would result from

holding probate courts to too great strictness of procedure, and it is undoubtedly more reasonable, whenever it can legally be done, to give a fair and liberal construction to their acts." (*Stuart* ·v. *Allen, supra.*) Where there is matter of substance upon which jurisdiction can hinge, mere errors or defects, although material in some respects, but which might have been avoided on appeal, cannot avail to condemn a judicial proceeding when, by lapse of time, an appeal is barred, which has become the foundation of title to property. But the case is different where there is an entire want of facts, pre-requisite to jurisdiction, disclosed upon the face of the petition. Then the want of jurisdiction affirmatively appears and the sale cannot be upheld when collaterally assailed. In such case there is no room to indulge presumption. The petition is not silent— it speaks for itself. It shows what was required to be done to give jurisdiction was not done, and it is useless to look beyond. The authority of the.court to act is wanting and the proceedings are a nullity. The distinction between inferior and superior courts have no application here, for all courts, before their proceedings can have any validity, or can confer any rights, must have jurisdiction to act. The proceeding is in derogation of common law—statutory alone, with its boundaries mapped out and ascertained. With a just regard for the protection of estates, the statute has, with precision, specified the facts essential to authorize the court to exercise its jurisdiction, and a petition without such facts, or, at least, something in substance eqivalent, cannot confer jurisdiction without ignoring the statute altogether.

Judgment affirmed.