[Civil No. 1600.   Filed June 15, 1918.]

[173 Pac. 349.]

STATE, Appellant, v. J. B. MERCK and L. D. McCART-
NEY, Appellees.

1. PLEADING—ALLEGATION OF ANSWER.—In the state's action against
   bail on their recognizance, the supreme court will not hear defend-
   ants to argue that there were two undertakings put in, when they
   alleged in their answer there was but one. `

2. BAIL—RECITAL IN UNDERTAKING—ESTOPPEL TO DENY.—In such ac-
   tion, an indefinite and unsatisfactory entry in the magistrate's
   docket should not control a recital in the undertaking; the recital
   being in the nature of an admission by defendants, they are estopped
   from disputing.

APPEAL from a judgment of the Superior Court of the
county of Cochise.  A. C. Lockwood, Judge.  Reversed with
directions.

Mr. John F. Ross, County Attorney, and Mr. Bruce Ste-
phenson, Deputy County Attorney, for the State.

Messrs. Doan & Doan, for Appellees.

FRANKLIN, C. J.—H. B. Russell was charged with the
crime of selling intoxicating liquor and, waiving his prelim-
inary examination, was held to answer by a committing magis-
trate.  Bail for his appearance was put in by the defendant
executing a written undertaking with J. B. Merck and L. D.
McCartney, the appellees, as sureties.  The undertaking was
acknowledged before the magistrate and returned to the clerk
of the superior court as required by law.  The undertaking,
omitting the acknowledgment, is as follows:

"In the Justice Court, Fourth Precinct, County of Cochise,
    State of Arizona.

"An order having been made on the 24th day of March,
A. D. 1915, by R. S. MacLay, a justice of the peace of Cochise
county, that H. B. Russell be held to answer upon a charge of
selling intoxicating liquor, to-wit, whiskey, upon which he
has been admitted to bail in the sum of five hundred and
no-100 ($500.00) dollars, we, J. B. Merck, by occupation mer-
chant, and L. D. McCartney, by occupation merchant, resi-

XIX Ariz.—37

dents of Douglas, Arizona, and property holders within the state of Arizona, hereby undertake that the above-named H. B. Russell will appear and answer the charge above mentioned in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and processes of the court; and, if convicted, will appear for judgment, and render himself in execution thereof, or if he fails to perform either of these conditions, that we will pay to the state of Arizona the sum of five hundred and no-100 ($500.00) dollars.

"Witness our hands and seals, this the twenty-fourth day of March, A. D. 1915.

"H. B. RUSSELL,
"J. B. MERCK,
"L. D. McCARTNEY."

The defendant was convicted of the charge in the superior court, and, failing to appear and render himself in execution of the judgment, the superior court directed that fact to be entered upon its minutes, and the recognizance was thereupon declared forfeited. No move being made to discharge the forfeiture, and the statutory period of 20 days having elapsed, the county attorney commenced this action against the bail upon their recognizance. The appellees pleaded, and it is substantially the only defense to the action, that the undertaking was put in before the defendant was held to answer by the magistrate. They admit executing an undertaking for the appearance of Russell at the preliminary examination, but contend that their duties and obligations end there, and deny that any undertaking for the appearance of said defendant, after being held to answer, was executed by them. It appears from an entry dated March 30, 1915, made in the docket of the magistrate, that the defendant waived his preliminary examination, was held to answer and was released on $500 bail, with J. B. Merck and L. D. McCartney as sureties. Another entry, dated March 24, 1915, recites that the defendant appeared before the magistrate, and his preliminary examination was postponed indefinitely; that defendant was released on $500 bail, with J. B. Merck and L. D. McCartney as sureties. The answer alleges that the appellees executed but one undertaking, which was for the defendant's appearance at the preliminary examination, and that this undertaking had been discharged. They argue that this suit is upon the discharged undertaking, which was executed on March 24,

1915, for defendant's appearance at the preliminary examination, and should have been brought on the one executed March 30, 1915, after the defendant was held to answer. Thus we have a wide departure in argument from the allegation, in the answer. We think it is clear that there was but one undertaking, which is the one pleaded as the foundation of this suit. We will not hear appellees argue that there were two undertakings put in when they allege in their answer that there was but one. Again the insistence in argument is unsupported except by vague inference from a somewhat indefinite and unsatisfactory entry in the magistrate's docket. This entry ought not to control the recital in the undertaking. The undertaking which the appellees executed recites that the defendant had been held to answer upon a charge of selling intoxicating liquor. They assumed the duty and obligation to answer for any failure of his to appear in whatever court the charge might be prosecuted; a condition of the undertaking being that the defendant would at all times hold himself amenable to the orders and processes of the court, and if convicted would appear for judgment and render himself in execution thereof. The undertaking they executed is in the form prescribed by section 1195 of the Penal Code in cases of bail being allowed for the appearance of the defendant after being held to answer. The sureties thereby became jailers of their own choosing. In contemplation of law, the defendant was then transferred from the custody of the officers to the custody of his sureties. The sureties intended that the defendant should have his freedom until he was required to appear and render himself in execution of the judgment of the court. Their undertaking accomplished the very thing intended. At any time before the declaration of forfeiture, the sureties had it within their power to surrender the defendant in discharge of the bail and thus release themselves from the penalty which might occur by reason of any default of the defendant. They took no action in this direction; no move was made to discharge the forfeiture of the recognizance. Now, when the obligation is about to be enforced, they urge this technical objection. The recital in their undertaking that the defendant had been held to answer is in the nature of an admission by them, which, under the circumstances, they ought not to be permitted to dispute. The sureties are estopped from denying the truth of this

recital to relieve themselves of their voluntary obligation. Upon the whole case, we are of the opinion that the sureties should meet the obligation they assumed and be compelled to pay the penalty fixed in the undertaking for the default of the defendant.

Judgment reversed, with direction to enter judgment in favor of the plaintiff as prayed for in its complaint.

ROSS and CUNNINGHAM, JJ., concur.