## PALMER *v.* MELVIN *et al.*

In an action on a bond given to release property from attachment, the complaint should state that the property was released upon the execution and delivery of the bond. To charge the obligors, it is necessary to state the consideration of the undertaking, and a mere reference to the condition of the bond itself, wherein such release is stated as a consideration, is insufficient.

APPEAL from the Superior Court of the City of San Francisco.

This was an action on an undertaking given to release property from attachment. The complaint alleges the execution and delivery of the undertaking by the defendants in a certain action, and has annexed a copy of the undertaking, in which the "relief from attachment" is stated as a consideration of the bond. The complaint alleges final judgment for plaintiff in the attachment suit, but does not aver that the goods attached were released on the execution and delivery of the bond.

The defendants demurred to the complaint on the ground, among others, that it failed to allege the release of the goods attached on execution and delivery of the bond. The demurrer was overruled, and the defendants failing to answer, judgment was entered for plaintiff. Defendants appealed.

*John Curry* for Appellants.

The demurrer should have been sustained on the ground that the complaint did not show by averment that the property attached was released on executing and delivering the undertaking.

If the consideration for the undertaking of defendants was the release of the property attached, then according to the most familiar principles of pleading, such consideration should be alleged, and without such allegation, the complaint was insufficient, as not stating facts sufficient to constitute a cause of action.

*Robinson, Beatty & Botts* for Respondent.

The appellants urge that the complaint is defective in not alleging the delivery of the property to the plaintiff on the execution of the undertaking, that is, they ask the Court to treat this undertaking, which recites the consideration as a concurrent act, as an executory agreement on the part of the sureties, dependent upon a condition precedent upon the part of the plaintiff.

This is simply absurd. Moreover, if to give this undertaking a statutory validity, an order of the Court were necessary, it would certainly have been competent for the plaintiff to prove such an order on the trial. All the facts that could have been proved are admitted by the default.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice HEYDENFELDT and Mr. Justice TERRY concurred.

The demurrer to the plaintiff's complaint was well taken, and should have been sustained.

The complaint does not state that the property attached was released upon the execution and delivery of the bond. To charge the defendants, it is necessary to allege the consideration of the undertaking, and a mere reference to the condition of the bond, is insufficient.

Judgment reversed, and cause remanded.