[No. 5311.]

# IDA JENNER v. GEORGE STROH, PAUL NEUMAN, AND EMIL FRESE.

ACTION ON UNDERTAKING.—If, after a judgment is rendered by default, the
defendant, for the purpose of procuring the default to be set aside, gives an
undertaking to pay any judgment that may be recovered against him, the
complaint in an action on the undertaking must aver that the judgment was
set aside.

UNDERTAKING TO PROCURE RELEASE OF ATTACHMENT. — A complaint in an
action on an undertaking, given to procure the release of property held by
a Sheriff under an attachment, must aver that the attachment was dis-
charged.

IDEM. — The fact that such instruments are common-law bonds instead of
undertakings does not change the rule.

APPEAL from the District Court, Fourth Judicial District,
City and County of San Francisco.

The plaintiff, in her complaint, averred that, on the 23rd day
of October, 1872, a suit was pending in the Nineteenth District
Court wherein Ida Jenner was plaintiff, and George Stroh was
defendant; and that an attachment had been issued in the case,
and levied on the property of said Stroh; and that a judgment
by default had been entered therein in favor of the plaintiff;
and that, in order to procure the setting aside of the judgment,
and the release of the attachment, the defendants executed and
filed an undertaking in writing, which was attached to the com-
plaint as "Exhibit A"; that such proceedings were had in the
suit that, on the 5th day of January, 1874, said Jenner recov-
ered judgment against said Stroh for four hundred dollars, and
that it had not been paid. Judgment was asked for the four
hundred dollars, and costs and interest.

The "undertaking" was a common-law bond, signed by
Stroh as principal, and Neuman and Frese as sureties, condi-
tioned that if the plaintiff should recover judgment against
Stroh, and he should satisfy it, or if the plaintiff should fail to
recover it, that the "obligation" should be void. The defend-
ant Neuman demurred to the complaint, because it did not state
facts sufficient to constitute a cause of action; but the demurrer
was overruled, and judgment was rendered in favor of the

plaintiff by default. The defendant Neuman appealed. The other facts are stated in the opinion.,

*Bishop & Fifield*, for the Appellant.

The complaint shows that the undertaking sued on was executed to procure the setting aside of a judgment, and the release of property theretofore taken on attachment; but fails to allege that the property attached was released, or the judgment set aside, upon the execution of the undertaking. It has been repeatedly held by this Court that such omission renders a complaint substantially defective. (*Palmer* v. *Melvin*, 6 Cal. 651 ; *Williamson* v. *Blatten*, 9 Cal. 500 ; *Nickerson* v. *Chatterton*, 7 Cal. 568 ; *The County of Los Angeles* v. *Babcock*, 45 Cal. 252 ; *Curtis* v.*Richards*, 9 Cal. 37.)

The actual levy of the attachment, and entry of the judgment. by default, were by-gone transactions, to which the sureties were strangers at the time of executing the undertaking. In order, therefore, to support the undertaking, it was necessary to show some new consideration moving at the time, to wit, the release of the property, and the setting aside of the judgment. A promise by one man to pay another's debt is *nudum pactum,*. without a present consideration. . (*Comstock* v. *Breed*, 12 Cal. 286.)

The fact that the undertaking is in form a common-law bond does not alter the case. It was given under the statute (Code of Civ. Pro. secs. 540–555) and was substantially in conformity therewith. (*Curriac* v. *Packard*, 29 Cal. 199.)

*George W. Tyler*, for the Respondent.

It is not true that this action is brought upon an " undertaking " either to set aside a judgment, or to release an attachment. It is brought upon a common-law bond. There is no provision of the Code for an " undertaking " in consideration of setting aside a judgment. It is true there is a provision of the Code for an undertaking to be given for a release of attachment under certain circumstances, but this is not an undertaking of that kind.

By the Court:

There is no allegation found in the complaint to the effect that the judgment mentioned in the undertaking sued on was set aside, or that the attachment therein named was released, and the demurrer should have been sustained for that reason. (*Palmer* v. *Melvin*, 6 Cal. 652; *County of Los Angeles* v. *Babcock*, 45 Ibid. 252, and other cases cited in the appellant's points.)

, Judgment as to defendant Paul Neuman reversed, and cause remanded, with directions to sustain the demurrer to the complaint.