[No. 6,837.]

## CITY AND COUNTY OF SAN FRANCISCO v. RANDALL ET AL.

CRIMINAL LAW—COMPLAINT—EMBEZZLEMENT.—A complaint alleging that the defendant was president and manager of a corporation, and as such manager had under his control securities of a specified value, held by the corporation as pledges—the names of the owners of the securities being unknown to the deponent—and that the said defendant did willfully, unlawfully, and feloniously embezzle and convert the securities to his own use, contrary to the execution of his trust, is in substantial compliance with § 1426 of the Penal Code.

ID.—NAME—MISNOMER.—The addition, "Jr.," is no part of a name proper; and where it does not appear that there were two persons of the name, or that the party was misled, its insertion in a criminal complaint is immaterial.

ID.—BAIL BOND.—A bail bond in the form prescribed by the Penal Code, § 1278, conditioned that the defendant "will appear and answer the charge in whatever court it may be prosecuted," applies to the bond to be given for appearance before a magistrate for examination.

ID.—ID.—ESTOPPEL.—The recital, in the bail bond, of the order admitting the defendant to bail, and of the amount of bail, is conclusive upon the obligors.

ID.—ID.—An oral order of the Police Judge from the bench, upon the giving of the bond, that the prisoner be released, certified by the Clerk to the keeper of the prison, and followed by the release of the prisoner, is a sufficient compliance with the Penal Code, § 1281, and renders the bond obligatory.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J.

The facts are stated in the opinion.

*Tompkins & Mowry*, for Appellant.

*D. J. Murphy*, for Respondent.

Department No. 2, MYRICK, J.:

This is an action commenced by the City and County of San Francisco against Randall and McCann, to recover $29,000 on five bail bonds given for the release of one John Tyler from custody on five alleged criminal charges. In four instances the charge was embezzlement; in the other, conspiracy. The complaint counts upon each bond, viz: 1st, Embezzlement, $15,000;

2nd, Embezzlement, $5,000 ; 3rd, Conspiracy, $5,000 ; 4th, Embezzlement, $2,000 ; 5th, Embezzlement, $2,000.

The said Tyler was arrested November 17th, 1877, upon warrants issued from the Police Judge's Court of the City, and County of San Francisco, and on the 23rd day of the same month the Police Judge made orders that he be admitted to bail. December 11th, 1877, the bonds were executed, and Tyler was released from custody. Subsequently the hearing upon the charges came on before said Police Court, and Tyler not appearing, the bonds were declared forfeited, and this action was commenced. Judgment was rendered against defendants Randall and McCann for the amounts of the bonds and interest; their motion for new trial was denied, and they appealed.

Thirty-eight points were made by defendants on their motion for a new trial ; it is not necessary to consider them in order as made, as many of them can be considered together. We will consider the substance of them.

1st. That the complaints as to embezzlement do not state facts sufficient to constitute a crime, in that the property charged to have been embezzled is not sufficiently described, and that it does not appear whether it is felony or misdemeanor attempted to be charged; that Tyler might have done all of the acts alleged, and not been guilty of embezzlement.

Section 1,426, Penal Code, requires that the complaint shall set forth "the offense charged, with such particulars of time, place, person, and property as to enable the defendant to understand distinctly the character of the offense complained of and to answer the complaint."

The complaints allege that Tyler was president and manager of a corporation; as such manager had under his control securities of the value of $60,000, which were held by the corporation as a pledgee, the names of the owners of the securities being unknown to the deponent; and that Tyler did willfully, unlawfully, and feloniously embezzle and convert the securities to his own use, contrary to the execution of his trust. We think here is a substantial compliance with § 1,426. So, in regard to the complaint alleging conspiracy.

2nd. The allegations of the complaint are made against John

Tyler, whereas, in the criminal charges and the warrants he was named John Tyler, Jr. The addition *Jr.* is no part of a name proper. It nowhere appears that there were two persons named John Tyler, or that the party arrested was misled.

3rd. That the bonds are not in compliance with the statute, in that they do not state that he is to appear before the Police Judge for examination.

Section 1,278 of the Penal Code gives a form for bail bonds, and says that the bond to be given shall be substantially in that form. That form applies to bonds to be given, as well where the party is to appear before the magistrate for examination as where he is held to answer after examination. The bonds in question follow the form given in the statute. They are that he will "appear and answer the charge above mentioned, in whatever court it may be prosecuted." If a party be arrested, and the examination postponed to a future day, before the same magistrate, that is a court in which the charge is to be prosecuted. In the bonds in question the charge is stated, in four of them to be "embezzlement," and in the other "conspiracy." This is a substantial compliance with the statute, "stating briefly the nature of the offense." It is not necessary that the bail bond shall state the offense with the same particularity as to detail that is required in an indictment.

There are words in the form of the bond given in § 1278, which have no application to bail given pending examination. These words are inserted in the bonds in suit, viz., "and if convicted will appear for judgment and render himself in execution thereof," etc.; but they do not vitiate the bonds; they may be treated as surplusage. In the Police Court a party is not to be convicted of a felony, nor to appear for judgment or render himself in execution; but he is to appear in response to the charge made against him; and there is sufficient in these bonds to cover that obligation.

4th. That there is variance between the allegations and proofs as to the amount of the bonds to be given, no order to admit to bail being indorsed on one of the warrants, $10,000 indorsed on another, $2,000 on another, $5,000 on another. In each of the bonds there is a recital, "an order having been made on

the 23rd day of November, 1877, by Davis Louderback, Police Judge of the City and County of San Francisco, that John Tyler be held to bail." The defendants, in signing the bonds, admitted the amounts to have been fixed; it does not appear but that other orders were made fixing the amounts as stated in the bonds.

5th. That after the bonds were given, no order was made or signed by the Police Judge for the release of the prisoner.

Section 1,281 of the Penal Code provides that "upon the allowance of bail and the execution of the undertaking, the magistrate must, if the defendant is in custody, make and sign an order for his discharge," etc. The object of this provision is, that when bail has been given, the object for which the bail was given shall be accomplished, viz., the release of the prisoner from custody. There are two main points to be looked at, viz., the giving of the bond and the release which follows. The one precedes the other, and that other must follow the first. The machinery, the intermediate steps, are not essential to the validity of the bond; after the bond has been given, but one step further is necessary, and that is, that the prisoner be released. In this case it appears that the Police Judge made an order, delivered orally from the bench, that the prisoner be released, bonds having been given; that order was certified in writing by the Clerk of the Police Court to the keeper of the prison, who thereupon delivered the prisoner and indorsed the discharge on the order. Thus the giving of the bonds produced the effect for which they were given. The prisoner was released from custody: he became the prisoner of his bail, who could at any time have had him arrested and surrendered, and who had undertaken and were answerable that he appear before the Court in response to the charges.

6th. That there was no evidence that Tyler was called in the Police Court for examination, or that he failed to appear, or that by reason thereof the bail became forfeited, or that an order of forfeiture was made or entered by said Court.

December 15th, 1877, an order was made in each case, giving the title of the Court and cause as follows:

"This action came on regularly this day for examination, and

the defendant, John Tyler, Jr., failing to appear for examination, and the said defendant having been thrice called, and R. S. Randall and Peter McCann, the bail of said defendant, having also been thrice called to produce the body of said defendant, and said defendant having failed to appear, and said bail having failed to produce the body of said defendant, the Court orders and declares the bail bond in this action for the appearance of the defendant forfeited to the people of the State of California, and orders a bench warrant to be issued for the arrest of the defendant."

This order is an answer to the objection.

Judgment and order affirmed.

THORNTON, P. J., and SHARPSTEIN, J., concurred.