[No. 6,811.—Department One.]

## LOREN COBURN v. JOHN W. PEARSON ET AL.

UNDERTAKING — ATTACHMENT — COMPLAINT—PLEADING. — In an action upon an undertaking given to prevent the levy of an attachment, the complaint stated that the sheriff did proceed to levy upon and attach certain personal property; and that before the completion of said levy, the defendants, for the purpose of preventing the levy or the completion thereof, tendered the sheriff the undertaking required by law, etc., which undertaking was duly taken and accepted by the sheriff. *Held*, that the complaint was defective in not stating that the sheriff did not complete the levy, or that he proceeded no further therewith.

APPEAL from a judgment, and order denying a new trial, in the Twelfth District Court, San Mateo County. DAINGER-FIELD, J,

The defendants demurred to the complaint, on the ground that the same did not state a cause of action. The demurrer was overruled and the plaintiff had judgment, and the defendants appealed.

*Greathouse & Blanding*, for appellant Hearst. *Edward Lynch*, for appellant Pearson.

The complaint does not aver either that the giving of the undertaking sued on prevented the levy of the attachment, or that the property levied upon was released upon the giving of the undertaking, or at all. It therefore fails to aver the very gravamen and essential gist of the cause of action itself. (*Jenner* v. *Stroh*, 52 Cal. 504; *The County of Los Angeles* v. *Babcock*, 45 id. 252; *Williamson* v. *Blattan*, 9 id. 500; *Nickerson* v. *Chatterton*, 7 id. 570; *Palmer* v. *Melvin*, 6 id. 651.)

*Fox & Ross*, for Respondent.

The complaint sufficiently shows that the giving of the bond prevented the completion of the levy, for it states that before the completion of the levy, and for the purpose of preventing it, the bond was given to the sheriff, and the latter accepted it; assuming that the bond was sufficient (and on the demurrer this must be assumed) to warrant the sheriff in desisting from the levy, it will be presumed that he did so desist.

McKINSTRY, J.:

The action is brought upon an undertaking to prevent the levy of an attachment.

The complaint alleges: "Under, pursuant to, and by virtue of said writ of attachment, the sheriff of said county of San Mateo did proceed *to levy upon and attach* certain personal property of said defendant in said writ, James Smart, situate in said county. *Before the completion* of said levy, to wit, upon the 1st of June, 1876, the said defendants, for the purpose of preventing the levy of such attachment, or the completion thereof, tendered said sheriff the undertaking required by law, with two sufficient sureties, etc., which said undertaking was duly taken and accepted by said sheriff."

Assuming that the words "did proceed to levy upon," etc., do not necessarily imply that the sheriff took the property into his possession (and any acts clearly indicating his purpose to subject it to his control would give the sheriff the legal possession as against the defendant in attachment), the complaint contains no averment that the sheriff did not "complete" the levy, or that he proceeded no further therewith. This would seem to be necessary. It is urged that the averment that the sheriff duly took and accepted the undertaking is sufficient, inasmuch as that it will be presumed that the sheriff did his duty, and that he would not have taken the undertaking and *also* the property. But such presumptions are applied, in proper cases, as a rule of evidence, not of pleading. A party must allege the material ultimate facts, even although some other fact, if proven, might create a presumption of the existence of one of the facts alleged. Besides, here there can be no doubt that the burden was cast on plaintiff at the trial to prove the cessation of proceedings towards a levy, or a return of the property to the extent to which a caption had been effected. Otherwise, the consideration of the undertaking (not under seal) would not be proven. In *Palmer* v. *Melvin*, 6 Cal. 651, it was held that a complaint upon a bond given to *release* property from attachment was defective, because it did not aver that the property was released upon the delivery of the bond. The Court said: "It is necessary to allege the consideration for the undertaking,

and a mere reference to the condition of the bond is insufficient."
The same rule is laid down in *Williamson* v. *Blattan*, 9 Cal.
500, where the Court says, further, that the failure to allege the
release of the property may be taken advantage of by *general
demurrer*. In *Nickerson* v. *Chatterton*, 7 Cal. 568, it was held,
that in an action against the sureties on a replevin bond, it is
necessary to allege that the property was delivered to the party
for whom the bond was given; in *Los Angeles* v. *Babcock*, 45
Cal. 252, that in a suit on a bail bond the complaint must allege
that the person bailed was released from custody; in *Jenner*
v. *Stroh*, 52 Cal. 504, that when action was commenced on an
undertaking given to procure the vacation of a *default judgment*,
the complaint should have averred that the judgment was set
aside.

These cases, differing in particulars from each other and
from the case at bar, all go to the point that in actions like the
present the consideration for which the undertaking was exe-
cuted and delivered must be alleged and proved.

Judgment reversed, and cause remanded, with direction to
the Court below to sustain the demurrer to the complaint.

Ross, J., and McKee, J., concurred.