PRESTON et al., Respondents, v. HOOD et al., Appellants.*

No. 7547; December 15, 1882.

Contract—Undertaking to Prevent Attachment.—In an action on an undertaking given to prevent the levy of a writ of attachment the plaintiff must allege and prove the consideration for which the undertaking was executed.

Contract—Undertaking to Prevent Attachment.—In an action on an undertaking given to prevent the levy of a writ of attachment, judgment for the plaintiff is error when it appears by the pleadings and proof that actually a levy had been made and plaintiff had released it.

APPEAL from Superior Court, San Francisco.

Splivalo, Moore & Moore for appellants; Van Dyke & Power for respondents.

---

*For subsequent opinion in bank, see 64 Cal. 405, 1 Pac. 487.

ROSS, J.—This is an action on an undertaking given to prevent the levy of a writ of attachment. In such cases it is well settled that the plaintiff must allege and prove the consideration for which the undertaking was executed: Coburn v. Pearson, 57 Cal. 306, and cases there cited. While the complaint in the present case counts on the execution of an undertaking to prevent the levy of the writ, there is neither averment, finding, nor proof that the writ was not levied because of the undertaking, but, on the contrary, averment, finding, and proof to the effect that upon the execution and delivery of the undertaking, the sheriff released property which had been previously levied on. But the undertaking sued on was not given for the release of any property. Perhaps the defendants would not have executed an undertaking for that purpose. Whether they would or not, they did not. Their undertaking was given under section 556 of the Code of Civil Procedure to prevent the levy of the writ. Other sections, to wit, 554 and 555 of the same code, relate to the giving of an undertaking for the purpose of procuring the release of property already levied on.

Judgment and order reversed, and cause remanded.

We concur: McKinstry, J.; McKee, J.