[Civ. No. 619. Third Appellate District.—October 11, 1909.]

# THE PEOPLE, Respondent, v. Y. BELLAFONT and P. MONGA, Appellants.

CRIMINAL BAIL BOND—CONSIDERATION—RELEASE OF PRISONER FROM CUS-
TODY—SUFFICIENCY OF COMPLAINT.—A complaint upon a criminal
bail bond which alleges that after an order fixing the bail of the
accused, defendants appeared before the judge and executed the bail
bond to the people in the sum fixed, and that upon the giving and
approval of the bond the accused was released from custody, suffi-
ciently shows that his discharge therefrom was in consideration of the
execution and delivery of the bond.

ID.—BREACH OF BAIL BOND—FAILURE TO APPEAR FOR TRIAL—SUF-
FICIENCY OF AVERMENT.—The bond having been conditioned that the
defendant bailed "will appear and answer the charge above mentioned
in whatever court it may be prosecuted, and will hold himself amen-
able to the orders and processes of the court," a breach of the bail
bond is sufficiently stated by the averment that the case was regu-
larly set for trial on a specified day, and was then regularly called
for trial, and that the defendant having been theretofore duly ad-
vised of the time and place of such trial, then and there failed to
appear for trial.

APPEAL from a judgment of the Superior Court of Shasta
County. J. M. Head, Judge.

The facts are stated in the opinion of the court.

Braynard & Kimball, for Appellants.

W. D. Tillotson, and O. M. Chenoweth, for Respondent.

BURNETT, J.—The action brought upon a criminal bail
bond resulted in a judgment by default against the defend-
ants from which the appeal was taken.

The sufficiency of the complaint is assailed for the reasons:
1. That there is no allegation that Juan Santos (the prin-
cipal) "was released from custody upon the execution and
delivery of the bond"; and 2. "There is no allegation that
any condition of defendants' obligation, as set forth in the
bond has been broken."

Neither of these contentions can be maintained. As to the
first, the allegation of the complaint is "That after said

order fixing the bail of said Santos in the sum of fifteen hundred dollars was made by said judge, the defendants herein appeared before the said judge and executed to this plaintiff an undertaking of bail in the sum of fifteen hundred dollars, in which undertaking of bail the defendants herein agreed to pay to the people of the state of California the sum of fifteen hundred dollars. . . . That upon the giving of said undertaking of bail by the defendants herein and the same having been approved by the said judge, George J. Hoadley, the said Juan Santos was released from the custody of the constable of the said Delta Township." It would, indeed, be difficult to aver more explicitly that the undertaking was executed by defendants, and that in consideration thereof the principal was discharged from custody.

The cases cited by appellants are not at all relevant, since they "all go to the point," as stated in *Cohen* v. *Pearson,* 57 Cal. 308, "that in actions like the present, the consideration for which the undertaking was executed and delivered must be alleged and proved."

The condition of the bond which is alleged to have been broken is that "The above-named Juan Santos will appear and answer the charge above mentioned in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the court." The complaint shows that the case was regularly set for trial for December 7, 1908, in the superior court of Shasta county, and on said day "the said case was duly called to trial in said superior court, and the said Juan Santos having been theretofore duly advised of the time and place of said trial, then and there failed to appear for trial," etc. That the sureties undertook to produce Santos at the trial of the cause in the superior court when they promised that he would "appear and answer the charge in whatever court it may be prosecuted" is too plain for argument.

It is true that the liability of sureties is not to be extended beyond the terms of their contract, but we are at a loss to understand how it could have been shown more clearly that their covenant had been broken and their liability for the penalty had attached.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.