[L. A. No. 3811.    Department Two.—April 30, 1917.]

## COUNTY OF SAN LUIS OBISPO, Respondent, v. A. M. RYAL et al., Appellants.

BONDS—RIGHTS OF SURETIES.—Sureties cannot be held beyond the terms of their contract of suretyship; and they have a right to declare in their bond the terms and conditions upon which they shall be bound and to stand on the precise terms of that contract.

ID.—APPEAL IN CRIMINAL CASE—INSUFFICIENT BOND.—The law requires, and the form of bond on appeal in a criminal case set out in the code provides, that the sureties shall bind themselves in the event of the appealing defendant failing to do certain things they will pay to the state of California a specified penal sum; and such a bond is insufficient where the sureties merely agree that their principal upon default in its terms will pay a specified sum, instead of agreeing themselves to do so.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.   E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Carpenter & Gibbons, for Appellants.

Charles A. Palmer, and Thomas Rhodes, for Respondent.

LORIGAN, J.—This action was brought to recover from defendants the sum of two thousand dollars for which it is alleged they are liable upon an undertaking in that amount executed by them as sureties in a criminal action and which was declared forfeited by the superior court of San Luis Obispo County for breach of its conditions.   These are all the allegations in the complaint respecting said undertaking, save that it is annexed to the complaint as a part thereof.

The undertaking sued on is a bond on appeal.   It is entitled People of the State, etc., Plaintiff, *v.* Teofil Klempke, Defendant, and recites and provides that an order having been made by the superior court of San Luis Obispo County admitting said defendant to bail pending appeal in the sum of two thousand dollars, "We, A. M. Ryal . . . and Henry C. Hansen . . . hereby undertake . . . that Teofil Klempke will surrender himself in execution of the judgment upon its being affirmed or modified, or upon the appeal being dismissed, or . . . in case the judgment is reversed and the cause remanded for a new trial that he will appear in the court to which said cause may be remanded and submit himself to the orders and decrees thereof, or if he fails to perform either of these conditions, that *he* will pay to the state of California the sum of two thousand dollars."   The italics ours.   Defendants signed the bond and justified upon it; it was thereupon approved and filed and the defendant Klempke was released under it.

Defendants filed a general demurrer to the complaint which was overruled, and having failed to answer within the time allowed, judgment for the penal amount of the bond was entered against them. They appeal from the judgment presenting thereunder the sole question of the validity of the order overruling their demurrer.

This bond, set out in the complaint and sued on, is assumed to have been, and doubtless was, given as a bond on appeal under sections 1273, 1279, and 1292 of the Penal Code which provide for such a bond and its form and conditions. One of the conditions provided by the code to be inserted in such a bond, and in fact the essential requirement as far as sureties thereon is concerned, is that in the event that the defendant in whose behalf the bond is given fails to do or perform any of the things provided therein (fully recited in the bond set out here), the sureties will pay to the state of California a sum particularly specified, being the amount in which the defendant is ordered admitted to bail—in fact, to pay a designated penal sum in the event of the delinquency of their principal. It is a familiar rule of law that sureties cannot be held beyond the terms of their contract of suretyship. They have a right to declare in their bond the terms and conditions upon which they shall be bound and to stand on the precise terms of that contract. This principle of law when applied here is decisive of this appeal. Though the code has provided just what the essentials of a bond on a criminal appeal shall contain, as also what the sureties shall undertake in it, it is clear that in preparing the undertaking here in question there was not one word used in it whereby the defendants, as sureties therein, undertake or agree to do anything. The law requires, and the form of bond set out in the code provides, that the sureties shall bind themselves in the event of the appealing defendant failing to do certain things they will pay to the state of California a specified penal sum. A valid bond would have provided that ''We (the sureties) will pay'' to the state in the event our principal fails to comply with any of the conditions the sum specified as a penalty. But in the bond sued on here the sureties did not agree to pay anything in default of their principal; they only promised their appealing principal—the defendant—would pay. There being then nothing in the bond which bound them to pay any penal sum

in the event of the default of their principal, and standing upon the strict terms of their contract, they cannot be compelled to do it. This should require no further discussion.

It is asserted by respondent that the bond is good in every particular except that the word "he" was inadvertently used instead of the word "we," and that the real intent and purpose in giving the undertaking was to give a bond making the sureties primarily liable. But the trouble with this position is that there are no allegations of any inadvertence, lack of true intent, or mutual mistake on the part of any one in the preparation and giving of this bond. It does not appear by whom it was prepared or presented or approved. All that appears is that it was accepted and approved in just the terms it contains. There is no room for the application of any rules of construction. There is nothing uncertain or doubtful or indefinite about its terms. The language of the bond is clear. It is plain the sureties agreed that their principal would pay but they did not agree thereunder to pay anything themselves. The code provisions, it is true, contemplate that the sureties on a bail bond should so bind themselves and that the bond should so provide, but the trouble with the bond here is that it does not do so and this court cannot make a different contract for the parties than they themselves have made.

The judgment appealed from is reversed.

Melvin, J., and Henshaw, J., concurred.