[Civ. No. 3748. Second Appellate District, Division One.—December 24, 1921.]

## THE PEOPLE, Respondent, v. AMERICAN SURETY COMPANY OF NEW YORK, Appellant.

[1] BAIL BOND — FAILURE OF DEFENDANT TO APPEAR AT PRELIMINARY EXAMINATION — RECITALS — LIABILITY OF SURETY.—A surety on a bail bond executed prior to the preliminary examination of the defendant is liable thereon upon the failure of the defendant to appear at such examination, notwithstanding the recitals in the undertaking that "an order having been made" that the defendant be held to answer, the surety undertakes that he "will appear and answer the charge in whatever court it may be prosecuted," since section 1278 of the Penal Code, which provides the form of bail bonds and for such recitals therein, is applicable to bonds to be given before and after preliminary examinations.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lawler & Degnan for Appellant.

T. W. Duckworth and M. O. Hert for Respondent.

CONREY, P. J.—Action on a bail bond. On the twenty-ninth day of April, 1919, a complaint was filed in the justice's court of San Bernardino township, in the county of San Bernardino, charging one Schumacher with a felony, and a warrant of arrest was duly issued. On the first day of May, the defendant being in custody under said warrant, the justice made an order fixing his bail at the sum of two thousand dollars. Thereafter, on the third day of May, the defendant executed an undertaking of bail for Schumacher in the sum of two thousand dollars. The undertaking was in the form prescribed by section 1278 of the Penal Code, and accordingly recited that "an order having been made . . . that Harry W. Schumacher be held to answer upon the charge of a felony upon which he has been admitted to bail in the sum of two thousand dollars," and the defendant undertook that the said Schumacher "will appear and

answer the charge above mentioned in whatever court it may be prosecuted," etc.

At the time of execution of the undertaking there had not been any preliminary examination of Schumacher. The time for holding the preliminary examination was set for the nineteenth day of June and the defendant in that case was duly notified thereof, but failed to appear. Thereafter his bond was declared forfeited on account of his failure to appear at the said preliminary examination. The appeal here presented is an appeal from the judgment rendered against the surety.

Section 1273 of the Penal Code, as amended in the year 1876 (Code Amdts. 1875–76, p. 116), provides for the conditions of admission to bail before conviction: "First. For his appearance before the magistrate, on the examination of the charge, before being held to answer. Second. To appear at the court to which the magistrate is required to return the depositions and statement, upon the defendant being held to answer after examination. Third. After indictment, either before the bench-warrant is issued for his arrest, or upon any order of the court committing him, or enlarging the amount of bail, or upon his being surrendered by his bail to answer the indictment in the court in which it is found, or to which it may be transferred for trial."

Section 1278 of the Penal Code appears in article II of chapter 1 of title X of part II of that code. Said article II is entitled, "Bail upon Being Held to Answer Before Indictment," and has not been amended since its enactment in the year 1872. This section was a re-enactment of section 516 of the Criminal Practice Act (Stats. 1851, p. 269), without any changes in the clauses which we are required to consider in this case. At the time of that first enactment, and until 1880, all felonies were prosecuted by indictment. (Pen. Code, sec. 888.)

[1] Appellant contends that the recital in the bond as quoted above implied that the preliminary examination of Schumacher had been held, and that upon such examination he had been held to answer before the superior court. Therefore it is argued that the undertaking that he "will appear and answer the charge above mentioned 'in whatever court it may be prosecuted" cannot apply to his appearance in any court excepting the superior court, and

consequently, that his failure to appear at the preliminary examination was not a breach of the condition of liability imposed by the bond. In support of this argument, appellant relies upon cited decisions which held in substance that a surety cannot be held beyond the precise terms of his contract, and that a bail bond must comply with the statute and with the order of the magistrate, or else it is void. (*San Luis Obispo* v. *Ryal,* 175 Cal. 34 [165 Pac. 1]; *County of Merced* v. *Shaffer,* 40 Cal. App. 163 [180 Pac. 342]; *People* v. *Barrett,* 6 Cal. App. 578 [92 Pac. 647].)

The obligation of the bond given is in conformity with the order of the magistrate and with the statute. The only irregularity, if any there be, is one of fact, and is found in the words of recital, "An order having been made . . . that Harry A. Schumacher be held to answer upon the charge," etc. He had not, in fact, been held to answer after examination. He was being held in custody under a warrant, and was awaiting preliminary examination. In other words, the recital, if it applied solely to a holding to answer before the superior court, was untrue.

*San Francisco* v. *Randall,* 54 Cal. 408, was an action to recover upon five bail bonds given for the release of one John Tyler from custody on felony charges. The orders of admission to bail were made in November, 1877, by the police judge. After Tyler had been released on bail pursuant to those orders, the hearing upon the charges came before said police court. Tyler not appearing, the bonds were declared forfeited and an action was commenced to recover thereon. In its opinion sustaining the judgment rendered against the defendants the supreme court made the following statement in response to the contention that the bonds were not in compliance with the statute in that they did not state that Tyler was to appear before the police judge for examination: "Section 1278 of the Penal Code gives a form for bail bonds, and says that the bond to be given, shall be substantially in that form. That form applies to bonds to be given, as well where the party is to appear before the magistrate for examination as where he is held to answer after examination. The bonds in question follow the form given in the statute. They are that he will 'appear and answer the charge above mentioned, in whatever court it may be prosecuted.' If a party be arrested,

and the examination postponed to a future day, before the same magistrate, that is a court in which the charge is to be prosecuted."

Notwithstanding the above decision, counsel for appellant insist that section 1278 does not provide the form of bond before being held to answer; that this is so because the head-note of the article, as published in the original authorized edition of the Penal Code ("Bail upon Being Held to Answer Before Indictment") excludes from the sections therein contained any bail given before being "held to answer" by a magistrate. We are referred to *Bettencourt* v. *Sheehy,* 157 Cal. 698, 702 [109 Pac. 89, 91], where it was said that the marginal notes to the sections of the original codes cannot be distinguished in principle from the head-notes to the chapters, articles, and titles, and that "as to' these it has been held that they are parts of the statute limiting and defining the section to which they refer, and that to refuse to give effect to them according to their import would be to make the law, not to administer it." (Citing cases.) The earliest of the cited cases is *Barnes* v. *Jones,* 51 Cal. 306. It was there pointed out that a head-note of a chapter is not in any sense a title to a statute. It is a part of the body of the act, inserted for the purpose of controlling and limiting the scope and application of the general words used in the chapter. This principle would likewise apply to the marginal inscriptions of particular sections. Thus, in the present instance, the marginal inscription to section 1278 in the original edition of the code, which is now printed at the head of the section, reads: "Bail, how put in and form of the undertaking." The head-note to said chapter 1 is "Bail." Considering these head-notes to the chapter and article together with the head-note or marginal inscription of section 1278, and considering also the fact that no other form of bail bond is provided which could be applied to the situation existing prior to the preliminary examination of a prisoner held on a charge of felony, we discover no sufficient reason for holding that this form of bond does not so apply in the instant case. To hold otherwise would be to attempt to overrule the decision in *San Francisco* v. *Randall, supra.*

The judgment is affirmed.

Shaw, J., and James, J., concurred.