## STATE v. FOXLEY et al.

No. 4391.  Decided August 4, 1926.  (249 P. 125.)

*B. H. Jones* and *Lewis Jones,* both of Brigham City, for appellants.

*Le Roy B. Young,* Dist. Atty., of Brigham City, for the State.

STRAUP, J.

The state brought this action to recover on a bail bond on which it is alleged Foxley was the principal and the appellants sureties. Foxley was not served. The sureties filed a demurrer and answer. The demurrer was overruled. The case was tried to the court and a jury. At the conclusion of the evidence the court, on motion of the state, peremptorily directed a verdict in favor of the state and against the sureties for the full amount of the undertaking, $2,000 and costs. Judgment was entered accordingly, from which the sureties have prosecuted this appeal. The alleged errors are that the court erred in overruling the demurrer to the complaint, in excluding evidence offered by appellants, and in peremptorily directing the verdict.

So far as here relevant, it is averred in the complaint that Foxley, by a committing magistrate, on November 8, 1921, was held to answer in the district court for the crime of embezzlement and was admitted to bail in the sum of $1,000, which was furnished by two sureties other than appellants; that on November 26th an information was filed in the district court by the district attorney, to which Foxley pleaded not guilty in December; that on the second day of trial in the district court, which was September 26, 1922, the original sureties surrenderd Foxley and were released from further liability, whereupon the court directed the sheriff to detain Foxley in custody until new bail was furnished; that on the same day, September 26, 1922, Foxley was convicted in the district court, and, on October 2, 1922, was sentenced to imprisonment in the state prison and pending appeal was admitted to bail in the sum of $2,000 with two good and sufficient sureties; that Foxley, as principal, and the appellants, as sureties, on the next day, October 3, 1922, executed the undertaking sued on in this action; that the judgment on appeal was affirmed and after remittitur appellants were notified to surrender and deliver up Foxley in execution of the judgment, but failed to do so, whereupon the undertaking was forfeited and this action commenced.

The point made on the demurrer is that it was not sufficiently averred in the complaint that Foxley, the prisoner, in pursuance or in virtue of the undertaking, was released or discharged from the custody of the sheriff, or otherwise released or discharged from legal custody, and that such an averment was essential to a statement of a good cause of action. We think the point well taken. In the case of *State v. Sorensen,* 48 Utah, 663, 160 P. 1181, in an action on a bail bond, we said that it was essential to aver that the prisoner or principal was legally in custody, properly charged with a public offense and was discharged by reason of the giving of the bond or undertaking. In the case of the *County of Los Angeles v. Babcock,* 45 Cal. 252, in an action on a bail bond, the court said:

"Without noticing other objections to the complaint, we are satisfied that the demurrer should have been sustained, on the ground that it is not averred that Pollock was released from custody upon or by reason of the execution and delivery of the bond set forth. This averment is indispensible in an action of this character."

To the same effect are the cases of *People v. Bellafont*, 11 Cal. App. 492, 105 P. 426; *United States v. Dunbar*, 83 F. 151, 27 C. C. A. 488; *Jenner v. Stroh*, 52 Cal. 504; *Colburn v. Pearson*, 57 Cal. 306.

The doctrine rests upon the familiar principle that in matters like the present the consideration for which the undertaking was executed and delivered must be alleged and proved. *Coburn v. Pearson*, supra. Here it was sufficiently alleged that Foxley was in legal custody and properly charged with and convicted of a public offense, but it is not sufficiently averred that by reason of the giving of the undertaking, or in virtue of or in pursuance of it, or by any language equivalent thereto, that he was released by the sheriff, or was otherwise discharged from custody. It is in effect conceded by the state that the complaint does not contain any such direct averment, but it contends that such fact is implied from other facts and circumstances alleged in the complaint. Such fact not being directly or expressly averred, to be a good complaint it must *necessarily* be implied from what is averred. We think the fatal omission is not so implied. All the averments in the complaint can well be true and the prisoner not released or discharged from custody. It is not enough that it be conjectured or surmised that he was discharged. Such fact ought to have been directly averred or necessarily implied from what is averred, which, on the face of the complaint, may not be done. We think the demurrer ought to have been sustained. For such reason the judgment must be reversed, and the cause remanded for a new trial, with leave to the state, if it be so advised, to amend its complaint.

Since the cause is to be remanded for a new trial, it is proper that the other points be considered. The appellants

in their answer to the complaint denied the execution and delivery of the bond sued on and alleged that they signed, but did not deliver, an undertaking, which, before it was to be filed, or become operative or take effect, was to be signed by two other sureties and returned to appellants for their approval when such additional sureties were obtained; and appellant Christensen further averred that he, on such incomplete undertaking, limited his liability to $1,000 (the required bond being $2,000). They further alleged that after they signed such incomplete undertaking, Foxley, for 20 days for more, remained and continued in the custody of the sheriff and that thereafter Foxley wrongfully and unlawfully, and without the knowledge or consent of the appellants, or either of them, erased from the incomplete undertaking signed by them the $1,000 limitation of liability and effaced and altered the undertaking in such respect without authority to do so, and, without the knowledge or consent of appellants, and without any additional sureties having been obtained, caused such altered and effaced and incomplete undertaking to be delivered and filed as the undertaking in the cause. And hence the appellants averred that the undertaking sued on was not their contract or deed. The undertaking sued on on its face shows that the figures "$1,000.00" opposite the name of Christensen were erased and a line drawn through them, but still leaving the figures plainly visible. The figures so erased are opposite Christensen's name in the justification part of the undertaking. When the appellants attempted to make proof of the averments in their answer, the court, on the state's motion, struck whatever evidence had been admitted with respect thereto and sustained objections of the state as to offers of other evidence on the same subject. Apparently some of the rulings were made on the ground that the claimed erasure and alteration affected the justification only and not the body of the undertaking; some on the ground that the offered evidence was hearsay, self-serving, and tended to vary the terms, of a writing. There was some evidence tending

to show, or offers to show, that the undertaking was signed upon the condition as averred in the presence of the district attorney or the county attorney, or both, and of the sheriff, and that they had knowledge of such condition under which the undertaking was signed by appellants. Evidence also was given or offered to show that, when the appellants signed the undertaking, it was not yet signed by Foxley, and that, while they signed the justification at the same time, they did not sign it, nor the undertaking, in the presence of the notary purporting to have taken their acknowledgment, nor had they appeared before such or any notary and were not sworn and made no acknowledgment as appears in the justification. On the face of the bond it appears that the appellants were residents of Box Elder county and that their acknowledgments were taken by a notary residing at Salt Lake City, Utah. The bond purports to have been signed by the appellants on October 3, 1922, but it was not filed or approved until October 23, 1922. The claim made by appellants is that, when they signed the uncompleted undertaking upon the stated condition, the bond so signed by them was hawked about to obtain additional sureties, and, being unable to obtain them, Foxley erased the limitation placed upon his undertaking by Christensen and with such alteration caused the bond to be filed and approved without the knowledge or consent of appellants.

We, of course, in such respect, have put the record in the light most favorable to the appellants. However, in resisting the objections and the motion to direct a verdict against them, they are entitled to have the record so considered. The law on the proposition is well stated by Mr. Justice Pope in the case of *Hendry v. Cartwright*, 14 N. M. 72, 89 P. 309, 8 L. R. A. (N. S.) 1056. He there points out the two lines of cases: one following *Pawling v. United States*, 4 Cranch, 219, 2 L. Ed. 601, where it was held that a bail bond, delivered on condition not to be operative until other and additional sureties had signed it, was not binding if such additional sureties were not ob-

tained, though the plaintiff, or the party for whose benefit the bond was given, had no notice of the condition under which it was signed; the other line of cases following *Dair v. United States*, 16 Wall. 1, 21 L. Ed. 491, where it was held that a bond in all respects regular, executed according to prescribed forms, accepted by an officer whose duty it was to take it, as a completed contract, and nothing on the face of the paper or in the transaction itself to put the officer on inquiry or to raise any suspicion in his mind as to any condition of the delivery of the instrument, and the plaintiff or the party for whose benefit it was given having no actual or constructive notice that it was not other than a completed contract and as so appeared on its face, was binding on the surety, notwithstanding the undisclosed conditional delivery. *Hendry v. Cartwright* adopted the latter holding. And in notes to the case of *Benton County Savings Bank v. Beddicker*, 45 L. R. A. 321, where the cases as to both rules are collated, it is said that such latter holding is the greater weight of authority. We hold to the same view. However, in the case of *Hendry v. Cartwright,* the surety was released because the bond was not acknowledged, which as the court there said, though not essential to the validity of the instrument and that recovery may usually be had even if not acknowledged, yet the fact that it was not acknowledged as provided by statute was sufficient upon the face of it to provoke inquiry as to whether it was signed upon condition or not. While the bond here on its face appears to have been acknowledged, yet it appears to have been effaced and altered. Though the alteration did not affect the body of the bond, but only the justification, and while it thus may be said that the alteration did not affect the validity of the bond, still, since a justification of such a bond under our statute is required, the apparent erasure and alteration in the justification may well be regarded sufficient to put an officer accepting the bond upon inquiry and to provoke investigation. And then there was some evidence tending to show, or offers to show, that the district attorney or the county attorney, or

both, and the sheriff who had to do with the transaction, had knowledge of the circumstances and condition under which the appellants claim to have signed the undertaking, which knowledge, under the circumstances, was knowledge of the state.

Now, the appellants had the right to show the circumstances and conditions under which they signed the undertaking and to show that the state or some one authorized to act for it in the premises, had notice, either actual or constructive, thereof. The appellants could not well prove both propositions at the same time. The natural order was to first prove the circumstances and conditions under which the bond was signed and then prove notice, either actual or constructive, to the state or to one acting for or representing it in the transaction. But the court here, on the state's objections, would not let appellants prove much, if anything, with respect to their alleged defense. They offered proof with respect to the erasure and alteration of the $1,000 limitation, but the court, on the state's objections, refused the proffered evidence, evidently on the theory that the alteration did not affect the validity of the bond, and hence was immaterial. So, when they offered to prove that some of the transactions relating to the signing of the bond were had in the presence of the county attorney and the district attorney, the court again sustained objections, either upon the ground that the tendered evidence was hearsay or was self-serving, or varied the terms of a writing. The circumstances and conditions under which the undertaking was signed could be testified to by any witness who had knowledge of such facts. Testimony that the bond was signed upon the condition that others were to sign it and that it was not to become operative until they did so did not go to nor vary the contents of the undertaking, but to its existence. We think the court ought to have permitted the appellants to develop their defense, and if, developed as they offered to prove, the court ought to have let the case to the jury. We think the facts as averred by

the appellants and as they offered to prove them did not bring the case within the rule of *Dair v. United States,* nor within the cases following that case.

The order therefore, is that the judgment of the court below is reversed, and the cause remanded for a new trial. Costs to appellants.

GIDEON, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.