[Civ. No. 220. Fourth Appellate District.—June 11, 1930.]

THE PEOPLE, Respondent, v. FIDELITY AND DE-POSIT COMPANY OF MARYLAND (a Corporation), Appellant.

Curtis Hillyer for Appellant.

Stephen Connell, District Attorney, for Respondent.

BARNARD, J.—One Slaymaker was arrested on November 23, 1925, and charged with a felony. Upon arraignment in the justice's court his bail was fixed at $1,000, being later raised to $2,000. The defendant, Surety Company, furnished two bonds in the sum of $1,000 each, the first on November 23, 1925, and the second on November 27, 1925, at which time the defendant was released. He appeared at the preliminary hearing, and was held to answer. Thereafter, said defendant was arraigned in the superior court and pleaded "not guilty." When the case was regularly called for trial the defendant did not appear. It is conceded that no bail was fixed, ordered or accepted subsequent to the preliminary examination and the commitment of said defendant. After due proceedings the bail was ordered forfeited, and the complaint in this action was filed setting up the above facts, and seeking to recover the amount specified in the two bonds. The defendant herein demurred to the complaint on the ground that it did not contain facts sufficient to constitute a cause of action, and also on the ground that two causes of action were attempted to be pleaded, but not separately stated. The demurrer being overruled and the defendant declining to answer, judgment was entered, from which judgment this appeal is taken.

■ The first ground of reversal urged is that the court erred in overruling the demurrer, since the complaint sets forth both bonds sued upon in one cause of action, whereas it is insisted that there were two causes of action which should have been separately stated. We think the trial court should not have disregarded this rule of pleading, and should have required the plaintiff to amend the complaint in this respect. On the other hand, while it would have been better pleading to have stated these causes of action separately, under section 4½ of article VI of the Constitution, we may not reverse a judgment for any error as to any matter of pleading, unless after an examination of the entire cause, including the evidence, we are of the opinion that the error complained of has resulted in a miscarriage of justice. No such result appears here, and nothing to show that the appellant was in any manner injured. The point raised is not only a highly technical one, but the whole transaction was fully set forth in the complaint and could have easily been answered by the defendant. No reason appears why the matter alleged could not have been just as fully and more easily answered as here pleaded, than if separated into two causes of action. This is especially true since, as a matter of fact, these two bonds were used together as a part of one transaction, for the one purpose of together furnishing sufficient bail to secure the release of a defendant, who was released only when the second bond was filed, the two being treated in combination. While technically there may be a difference, practically it was as much one transaction as would have been the case had two thousand dollar bills been deposited for the purpose. We are of the opinion that the error under consideration was not sufficient to require a reversal of the judgment.

■ The principal contention of appellant is that the complaint did not state a cause of action, it being maintained that a justice of the peace, upon admitting a defendant to bail before a preliminary examination is held, has no authority to accept bail that shall apply after such a defendant has been held to answer. And that, since the defendant, Slaymaker, appeared at the preliminary hearing, the agreement of the defendant herein as set forth in the bonds in question was fully performed, the failure of said defendant to appear for trial in the superior court not

being covered by said bonds under our law. Appellant argues that the only authority for admitting a defendant to bail before conviction, is given by sections 1273 and 1277 of the Penal Code; that by the first part of section 1273 authority is given to admit a defendant to bail for his appearance before a magistrate on the examination of the charge, which must be done before he is held to answer; and that under the second part of this section, and under section 1277 of the same code, authority is given to again admit him to bail for his further appearance, but that this may be done only after he has been held to answer. It is then argued that since there is no authority for accepting bail prior to the preliminary examination which shall continue to apply after a defendant is held to answer, such bonds as those here involved, although in the form required by section 1278 of the Penal Code, are only contracts to pay if the one for whose release they are given fails to appear for preliminary examination, and that the other obligations, required by section 1278 and set forth in said bonds, are merely surplusage.

The authority for admitting a defendant to bail when the preliminary examination is not held immediately after the arrest, is contained in section 862 of the Penal Code. Section 1268 of this code defines "admission to bail," while section 1269 defines the "taking of bail." Section 1273 of this code, so far as it affects this case, provides as follows:

"Nature of bail. If the offense is bailable, the defendant may be admitted to bail before conviction:

"First. For his appearance before the magistrate, on the examination of the charge, before being held to answer.

"Second. To appear at the court to which the magistrate is required to return the depositions and statement, upon the defendant being held to answer after examination."

Section 1277 is as follows:

"What magistrates may admit to bail. When the defendant has been held to answer upon an examination for a public offense, the admission to bail may be by the magistrate by whom he is so held, or by any magistrate who has power to issue the writ of *habeas corpus.*"

Section 1278 provides how bail is furnished and gives the form which must be substantially followed.

Each of the bonds here in question contained the following:

"Now, we, Fidelity and Deposit Company of Maryland, a Corporation, . . . hereby undertake that the above named Nathaniel E. Slaymaker will appear in that or any other court in which his appearance may be lawfully required upon that charge and will, at all times, render himself amenable to its orders and process, and appear for judgment and surrender himself in execution thereof; or if he fails to perform either of these conditions, that we will pay .to the people of the State of California the sum of One Thousand Dollars."

This substantially follows the requirements of section 1278 of the Penal Code.

Examining section 1273, which with section 1277, is the section most relied upon by appellant, we are unable to follow his contention that the phrase "before being held to answer" and the phrase "upon the defendant being held to answer after examination," give authority only for two separate bonds for two separate purposes. Giving the quoted phrases their greatest significance they would only provide that a defendant may be admitted to bail for either purpose. But the fact that the defendant might be admitted to bail at either stage of the proceeding, does not necessitate the holding that he must be admitted to bail separately at each of said stages. There is nothing in this section to indicate that a defendant may not be held to bail for both purposes covered by this portion of the section, and nothing to indicate that any bail given pursuant to the section and in the form provided by section 1278, shall cease to be of effect when the preliminary examination is held; nor that bail requiring the appearance of the defendant in the superior court after being held to answer, may not be given prior to his appearance before the magistrate on the examination of the charge. That it was the intention of the legislature to provide for one continuing bond that should cover both of the purposes named in the quoted portion of the section, is indicated by the terms of section 1278, which provides the form of the bond. The only reasonable interpretation of these sections is that, while a defendant is not required to obtain bail in the beginning or forever lose his right, when bail is furnished, it must be substantially

in the form provided in section 1278. If these sections do not require a continuing bond, they certainly permit one. In this connection it may be observed that the language of section 1277, providing that when a defendant has been held to answer the admission to bail may be by either of the magistrates named, is significant in that it is so worded as not to require the admission to bail again if it has already been done. It may also be observed that if it was intended by section 1273 to require the ordering and giving of separate bail bonds at successive stages of the proceedings, then section 1278, which provides the form for any and all bonds mentioned in section 1273, would not provide for one form only, covering appearance in any court, and compliance with all orders and processes of the court up to the time of judgment and execution, but in that event, separate forms would have been provided covering the respective requirements of each stage. It would be useless to require that a bond conditioned on the appearance of the defendant at the preliminary examination, should also contain those provisions set forth in section 1278 covering later proceedings. On the other hand, the form provided in section 1278 fully covers both a case where a defendant, not having been previously admitted to bail, is admitted to bail in accordance with section 1277, and one where a defendant is admitted to bail in the first place in accordance with section 1273.

We find nothing in these statutes denying to the magistrate authority to accept bail prior to the preliminary examination, the bond being conditioned upon the defendant appearing and answering the charge in whatever court it may be prosecuted, and upon his holding himself amenable to its orders and processes at all times, including his appearance for judgment, if convicted. On the other hand, these statutes seem to particularly authorize such a bond.

■ Under such circumstances it becomes a question of contract as to what the parties have themselves agreed upon in the bonds in question. In *San Luis Obispo* v. *Ryal*, 175 Cal. 34 [165 Pac. 1, 2], the court said:

"It is a familiar rule of law that sureties cannot be held beyond the terms of their contract of suretyship. They have a right to declare in their bond the terms and conditions upon which they shall be bound, and to stand on the precise terms of that contract."

In the case of *Weinreich E. Co.* v. *A. J. Johnston Co.,* 28 Cal. App. 144 [151 Pac. 667, 670], the court said:

"As to those (authorities) announcing the general rule that sureties are entitled to stand upon the precise terms of their contract, they must be considered in the light of the language used by Mr. Justice Lorigan in *Sather Banking Co.* v. *Arthur R. Briggs Co.,* 138 Cal. 730 [72 Pac. 352], that 'The old rule of *strictissimi juris* applies only to the extent that no implication shall be indulged in to impose a burden not clearly inferable from the language of the contract, but does not apply so as to hold that the contract shall not be reasonably interpreted as other contracts are.' In interpreting the terms of a contract of suretyship, the same rules are to be observed as in case of other contracts. (Civ. Code, sec. 2837.)"

In the case at bar the appellant agreed in writing to undertake that the defendant for whom bail was given would appear in the justice's court or, "any other court in which his appearance may be lawfully required upon the charge, and will at all times render himself amenable to its orders and process, and appear for judgment and surrender himself in execution thereof; or if he fails to perform either of these conditions, that we will pay to the People of the State of California the sum of One Thousand Dollars."

It has heretofore been held that the form of bond provided for in section 1278 of the Penal Code applies to bonds to be given where the party is to appear before a magistrate before examination, as well as to those where he is held to answer after examination. (*People* v. *American Surety Co.,* 55 Cal. App. 756 [204 Pac. 419]; *City and County of San Francisco* v. *Randall,* 54 Cal. 408.) It has also been held that a bond conditioned in accordance with the provisions of section 1278 is sufficient to require the presence of the defendant in the superior court. In that case, one to recover upon such a bond when the defendant failed to appear in the superior court, the court said:

"The condition of the bond which is alleged to have been broken is that 'The above-named Juan Santos will appear and answer the charge above mentioned in whatever court it may be prosecuted, and will, at all times, hold himself amenable to the orders and process of the court.' The complaint shows that the case was regularly set for trial for

December 7, 1908, in the superior court of Shasta county, and on said day, 'the said case was duly called to trial in said superior court, and the said Juan Santos having been theretofore duly advised of the time and place of said trial, then and there failed to appear for trial,' etc. That the sureties undertook to produce Santos at the trial of the cause in the superior court when they promised that he would 'appear and answer the charge in whatever court it may be prosecuted' is too plain for argument." (*People* v. *Bellafont,* 11 Cal. App. 492 [105 Pac. 426].)

In the case of *State* v. *Sorensen,* 48 Utah, 663 [160 Pac. 1181], decided by the Supreme Court of Utah, it was argued that a bail bond was given for the defendant's appearance only in the justice's court and hence that the failure of the defendant to appear in the District Court for arraignment was not a default or breach within the terms of the bond. The Utah statute, almost in the exact language of section 1273 of our Penal Code, was as follows:

"If the offense is bailable, the defendant may be admitted to bail: Before conviction—(1) For his appearance before the magistrate on the examination of the charge, before being held to answer; (2) to appear at the court to which the magistrate shall be required to return the complaint, upon the defendant being held to answer after examination; . . . "

The court there held that the bond in question, conditioned that the defendant "will appear and answer the charge above mentioned before said justice, or in whatever court it may be prosecuted," covered the appearance of the defendant in the District Court. Not only did the bonds here in question contain similar language, but under section 1278 of the Penal Code they were required to be so worded.

There is no ambiguity in the bonds under consideration and their language is plain. Appellant agreed to pay a certain sum of money in the event the defendant, whose release was secured by said agreement, failed to comply with certain requirements definitely nominated in the bond. The requirements not having been complied with, the agreement of the appellant must be enforced.

The judgment is affirmed.

Cary, P. J., and Marks, J., concurred.