[Criminal No. 903.  Filed March 2, 1942.]

[122 Pac. (2d) 855.]

THE STATE OF ARIZONA, Appellant, v. JOHN STANTON, G. R. GONZALES, S. J. MARCHESE and CONCEPCION MARCHESE, Appellees.

Mr. Richard F. Harless, County Attorney, and Mr. Charles B. McAlister, Deputy County Attorney, for Appellant.

Mr. J. S. Wheeler and Mr. Stephen W. Langmade, for Appellees.

ROSS, J.—This action is prosecuted by the state against John Stanton, as principal, and G. R. Gonzales, S. J. Marchese and Concepcion Marchese, as

sureties, to recover the penalty of a bail bond forfeited by said Stanton. The bail bond was given August 13, 1940, before the preliminary examination, and undertook

"that the said John Stanton will appear and answer the charge above mentioned in whatever Court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the Court, and, if convicted, will appear for judgment, and render himself in execution thereof, and will not depart the jurisdiction without leave first had and obtained, or, if he fails to perform either of these conditions, that he will pay to the State of Arizona the sum of Three Hundred ($300.00) Dollars."

The principal appeared in the Justice Court of East Phoenix Precinct, Maricopa County, August 19, 1940, for the preliminary trial and, after a hearing, was bound over to the superior court to answer the charge of obtaining money by means of a bogus check, a felony under the law, ordered admitted to bail in the sum of $300.00 and committed to the sheriff until he give such bail or be otherwise legally discharged.

The transcript of the magistrate's proceedings contains these two minute entries: "Bond heretofore furnished is hereby exonerated" and "Order heretofore made exonerating bond is hereby vacated and defendant is released under said bond." These entries were made in the afternoon of the same day.

The defendant, on August 26, 1940, appeared in the superior court for arraignment and entered his plea of not guilty.

His trial was set for September 10, 1940, but he failed to appear and the court ordered his bond forfeited, and, as before stated, this action is to recover the penalty of the bond.

The sureties contend that the bond given by them and their principal was for the latter's appearance at the preliminary and that the magistrate was with-

out power or jurisdiction to exact or take a bond for his appearance in the superior court before such preliminary was had. The county attorney, on the contrary, contends that the magistrate is, by the statute, given the power to admit to bail both before and after the preliminary and that he may, as he did in this case, instead of taking two bonds, one for each appearance, accept one bond by its terms covering and assuring his appearance for the preliminary examination and also the trial in the superior court, if one be had.

The trial judge accepted the views of the sureties and gave judgment to them and against the state. From such judgment the state has appealed.

■■ For their respective contentions, both parties refer to section 44-423, Arizona Code 1939 (Rule 82, Code of Criminal Procedure), reading:

*"Bail before conviction—Condition of the undertaking.*—(1) If a person is admitted to bail for his appearance for a preliminary examination, or on a charge that a magistrate is empowered to try, the condition of the undertaking shall be that he will appear for such examination, or to answer the charge, and will submit himself to the orders and process of the magistrate trying the same, and will not depart without leave.

"(2) If he is admitted to bail after he has been held to answer by a magistrate, or after an indictment found or an information filed against him, the condition of the undertaking shall be that he will appear to answer the charge before the court in which he may be prosecuted and submit himself to the orders and process of the court, and will not depart without leave."

Under this section, doubtless the defendant Stanton could have presented the magistrate with a bail bond conditioned as provided in subdivision (1), and, if he had done so, it would have been the duty of such officer, providing the sureties were sufficient, to approve it. In such a case the sureties would have

bound themselves for the appearance of defendant at the preliminary trial only. The magistrate could not have exacted from Stanton a continuing bond and Stanton would have been under no obligation to execute one. But, where a defendant presents a bond, as he did here, and it is approved and he is released thereon, it is a different question. By virtue of such bond, the custody of Stanton was transferred from the sheriff of the county to the sureties, who, as is said in *State* v. *Merck*, 19 Ariz. 577, 173 Pac. 349, 350,

"thereby became jailers of their own choosing. In contemplation of law, the defendant was then transferred from the custody of the officers to the custody of his sureties. The sureties intended that the defendant should have his freedom until he was required to appear and render himself in execution of the judgment of the court. Their undertaking accomplished the very thing intended. At any time before the declaration of forfeiture, the sureties had it within their power to surrender the defendant in discharge of the bail and thus release themselves from the penalty which might occur by reason of any default of the defendant. . . . "

While in the Merck case the facts were not the same as in this case, we believe the above statement, as a general principle of law, applicable to the liability of sureties on a criminal bail bond. The execution of the bail bond was the voluntary act of the sureties. If the sureties wanted to obligate themselves for the appearance of Stanton at the preliminary and also in the trial court, amenable to its orders and processes, etc., we think section 44 423, *supra,* permitted them to do so. The magistrate's jurisdiction to accept such a bond was, admitted by them when they presented it to the magistrate for his approval.

The same question was involved in *People* v. *Fidelity & Deposit Company,* 106 Cal. App. 372, 289 Pac. 231, 232, under statutes so much like ours that any differ-

ence is immaterial on the right of a magistrate to accept on a preliminary hearing a continuing bond. The same sequence in the California statute as in ours is found, that is, (1) bail for appearance at the preliminary examination, and (2) bail if held to answer, the conditions of each being different. The court, after observing these differences and the contention of the surety, "that a justice of the peace, upon admitting a defendant to bail before a preliminary examination is held, has no authority to accept bail that shall apply after such a defendant has been held to answer," stated:

"We find nothing in these statutes denying to the magistrate authority to accept bail prior to the preliminary examination, the bond being conditioned upon the defendant appearing and answering the charge in whatever court it may be prosecuted, and upon his holding himself amenable to its orders and processes at all times, including his appearance for judgment, if convicted. On the other hand, these statutes seem to particularly authorize such a bond.

"Under such circumstances it becomes a question of contract as to what the parties have themselves agreed upon in the bonds in question. In *San Luis Obispo County* v. *Ryal,* 175 Cal. 34, 165 Pac. 1, 2, the court said: 'It is a familiar rule of law that sureties cannot be held beyond the terms of their contract of suretyship. They have a right to declare in their bond the terms and conditions upon which they shall be bound and to stand on the precise terms of that contract.' "

The Supreme Court of Utah had the same question before it in *State* v. *Sorensen,* 48 Utah 663, 160 Pac. 1181, and reached, under similar statutes, the same conclusion as we have.

Apparently the legislature has said, in section 44–455, that an undertaking is good "if it appear from the tenor of the undertaking before what magistrate or at what court the principal was bound to appear,

and that the official before whom it was entered into was legally authorized to take it and the amount of bail is stated.'' We think in all the respects mentioned the bond is certain, definite and in compliance with the statute.

The order of the court exonerating the bond was void. The statute, section 44-438, provides the manner of securing exoneration from liability on the bond and that was not pursued.

The judgment of the lower court is reversed and the cause remanded with directions that further proceedings be had in accordance herewith.

LOCKWOOD, C. J., and McALISTER, J., concur.